Mr. Justice Thompson
 

 delivered the opinion-of the Court.—
 

 This case comes up from'the.District,Court of the United States, for the-Mississippi-district, -upon a writ of error.;
 

 The action, in the Court b'elow, was founded- upon á judgment obtained in. the District Court of the United States for the western district of Pennsylvania, in- the term, of October; in the year -1823, for tfie sum of 32,957 dollars-and 34 cents..The'declaration is-in the-usual.form of; an-action df debt on a judgment.
 

 The defendant pleads in bar — 1. That' the plaintiff is not, ánd never was, administrator of John Wilkins, -deceased.- 2. T-hat at.the January Term, in the year .1817, of the Orphans’ Court for the county of Adams, and state, (then territory,) of Mississippi, he,-the defendant, was duly appointed sole administrator of John Wilkins, deceased, and entered into bond with security,.- and took the oath prescribed in such case, according to the sta~-
 
 *691
 
 tute in such case made and provided'; and that he took upon himself the duty and office of administrator,' and has continued to act as such.administrator ever since. 3. That the judgment in the declaration mentioned, was obtained by fraud..
 

 To the two first pleas a special demurrer was interposed, and issue to the country taken upon the third, and judgment rendered for the defendant, upon the demurrer; to reverse which, the present writ of error has been brought.'
 

 ■ The first plea óf
 
 ne ungues
 
 administrator, has been abandoned, as altogether untenable; and the counsel on. the part of the defendant in error, have rested their argument. entirely on the validity of the second plea; and have treated this as a plea in\ bar to the jurisdiction of the Court, in which the judgment was rendered. It is a little difficult to discover what is the true character of this plea. It can, in substance, amount to nothing more than an allegation that the plaintiff was not the lawful administrator of John Wilkins. And in that respect, is but a repetition of the s.ame matter set up in the first plea; and that too, in a more exceptionable form. For,' the conclusion' is drawn argumentatively from the fact set up in the plea, that he,, the defendant, was duly appointed sole administrator of John Wilkins, in the Orphans’ Court of the county of Adams in the state of Mississippi; and thence to infer, that the plaintiff' could not be the lawful administrator in Pennsylvania. Such a plea will not stand the test "of a special demurrer. If it was intended by this plea, to set up that the defendant was. the first, and only rightful.administrator of John Wilkins, and that the debt d .e from him, thereby became assets in his hands; the plea is defective, in not alleging when administration was granted to the. plaintiff. The declaration alleges, that John 'Wilkins died a' citizen of Pennsylvania; and from any thing that appears.to the contrary, administration might have been granted to the plaintiff, before it was to the defendant.
 

 The simple fact, that administration had been granted to the ' defendant in Mississippi, would not raise any question with respect to the jurisdiction of the Court; and if it furnished any matter of defence on the merits, against the recovery, on the ' ground that it was taking out of his hands assets, the adniinistration of which belonged to him, it should have been set up' in the original action.- Nothing appears to invalidate the. judgment upon which the present action is founded. The cause of action does no.t appear, and we cannot say that the subject'matter was not witkin. the jurisdiction of the Court, when it was rendered; or that there was any disability in the plaintiff, to . sue in that Court; or that the judgment was void for any cause whatever. When ' the Court in which the judgment is render
 
 *692
 
 ed has not jurisdiction over the subject matter of the suit, or when the judgment is absolutely void, this .may be pleaded in bar,
 
 or
 
 may in some cases be given in evidence under the general issue. But the'genéral rule is, that there can be no averment in pleading against the validity of a record,-though there may be against its operation. And it is upon this ground, that no matter of defence can be pleaded in such case, which existed anterior to the judgment.
 
 (Chitty Plead.
 
 481.) Hence, it has become a settled practice in declaring, in an .action upon a judgment, not, (as formerly,) to set out in the delaration the Whole of the proceedings in the former suit; but only to allege generally, that the plaintiff, by the consideration and judgment of that Court, recovered the sum mentioned therein. (Chitty. 354.) ' ' '
 

 The original'Cause of action having passed,
 
 in rcm jv.dicatam,
 
 how far the circumstance, that the defendant had taken out letters of administration in Mississippi, would -have availed as a defence against a recovery of the original judgment, cannot now be inquired into. It-should have been set up in the former suit. But if the first administrator acquired a right to this debt as assets, and that matter was now open to inquiry, there is nothing appearing on this record, to show that the defendant had acquired any such priority. When letters of administration .were taken out by the plaintiff, .does not appear;.nor was’he bound to show that in his declaration. He was not bound to .make profert of the letters of administration. This was so decided in. the case-,of Crawford, administrator of Hargrove
 
 vs.
 
 Whitall.
 
 (Doug. 4, note a.)
 
 It was an action of
 
 indebitatus
 
 assumpsit, upon a judgment recovered by the plaintiff, as administrator, against the defendant, in the Mayor’s Court at Calcutta. And the declaration -alleged, -that the defendant was indebted'to the plaintiff, as administrator, in the sum therein mentioned, which had been adjudged to him as administrator, &c. The defendant demurred specially, and showed for cause, that there was no profert. of letters of administration. But the-Court said this tvas unnecessary, because in this action, (upon the judgment,), the plaintiff had no occasion to describe himself as administrator. If then it was a fact, and of any importance in deciding the legal rights of the parties ip this case, that administration had been first granted to the defendant in Mississippi, thatshould have been alleged in the plea, and no objection Can be taken to the declaration, as containing the first fault in pleading:
 

 ’ That' it is not .necessary,-in cases like the present, for the plaintiff to. name himself as administrator, follows as matter of course.from his not being bound to make profert of his Jet-
 
 *693
 
 ters of administration, and that when he does so name himself it may be rejected, as surplusage, is well settled by numerous authorities. In the case of Bonafous
 
 vs.
 
 Walker, (2
 
 Term Rep.
 
 126) it was objected that the action ought to have been brought by the.plaintiff
 
 as-administratrix.-,.
 
 because the judgment on which the party had been committed in execution, had been obtained by- her as administratrix of her husband. But the Court-said, that was unnecessáry,. for the instant the plaintiff recovered the judgment, it became a debt
 
 due her,
 
 on record, and was assets in hér hands, for which it was not necessary for her to declare as administratrix. (See also
 
 Hob.
 
 301,
 
 L. Ray.
 
 1215.) The case of Tallmadge administrator, &c.
 
 vs.
 
 Chappel and others, (16
 
 Mass. Rep.
 
 71,) decided in the supreme Judicial Court of Massachusetts, is very full and explicit on this point. The plaintiff declared as administrator, &c. in debt . upon a judgment recovered by him as administrator, in a Court of Common Pleas, in the state-of New-York. The defendant pleaded in bar, that the parties at the time of rendering the judgment, were all inhabitants of the state of New-York, and that the plaintiff was appointed administrator in that state, and had not been so appointed in Massachusetts. To which plea, there was a demurrer and joinder, and the Court held the plea bad. That the action, being' on a judgment already- recovered by the plaintiff, it might have been brought by him in his own name, and not as administrator. For the debt was due.to him, he being answerable for it to the estate of the intestate, and it ought to be considered as so brought; his style of administrator, being merely descriptive, and nofessential to his right of recovery. That it was important to the purposes of justice,that it should be so; for an'administrator appointed in Massachusetts could not maintain an action upon this judgment, not .being privy to it; nor could he maintain an action -Upon the original contract, for the defendants might plead in- bar, the judgment recovered against them in New-York. The debt sued for is, in truth, due to the plaintiff in his personal capacity, and he may well declare, that the debt is due to himself.
 

 If in the case before us, the judgment is considered a debt . due to the plaintiff in his personal capacity, it is totally immaterial, whether the defendant was or was not administrator of ' John Wilkins, in the state of Mississippi. That could not, in any manner affect the rights of the plaintiff. The plea therefore, .tenders an immaterial issue, and,is bad on demurrer.
 

 In whatever light*- therefore, wé consider this plea, whether as to the matter itself set up, or to the manner in which it is pleaded, it cannot be sustained as a bar to the present action.
 

 We are accordingly of opinion, that the judgment of the
 
 *694
 
 Court below must be reversed, and the cause sent back with directions to allow the defendant to plead
 
 de novo
 
 if he shall elect so to do.
 

 This cause came on &c., on consideration whereof, It is adjudged and ordered by this Court, that the judgment of the District Court in this cause be and the same is hereby reversed and annulled, and it is further ordered that the cause be remanded to the said District Court, with directions to permit the defendant to plead
 
 de novo,
 
 if he elect so to do.
 

 END OF VOLUME 1,