INNERARITY v. KENNEDY AND KITCHENS.

1. In an action of trespass to try titles, a deed made to the plaintiff, *as administrator*, is admissible evidence.
2. The words, "as administrator," are to be considered as *descriptio personæ*, merely.

JAMES INNERARITY, in 1827, brought an action of trespass to try titles, against Joshua Kennedy, in Mobile Circuit Court; to recover the possession of a piece of ground in the city of Mobile. Samuel Kitchens was, by consent,

substituted as defendant to the action, and pleaded the
general issue; and at the special February term, in 1828,
of said Court, a verdict was found for the defendant.  By
a bill of exceptions taken by the plaintiff at the trial, it is
shewn, that to support the issue on his part, the plaintiff
offered in evidence, a deed made by William E. Kennedy,
dated the 2d of March, 1820, which recites, that whereas
he claimed a certain lot of seven acres, under a sale made
to him by one Baudin, who held it under a title from the
Spanish Governor, Gayoso, dated in 1798; and whereas,
by articles of agreement made in 1806, between the said
Kennedy and the late Joseph E. Collins, deputy surveyor
of West Florida, who had also a permit or order of survey
for the same land, it was stipulated that they should di-
vide the tract between them, so that the northern part
should belong to Kennedy, and the southern part to said
Collins; with a further stipulation, that Kennedy should
fence, ditch and improve the land, to prevent its forfeiture;
and reciting that he had given evidence to the land com-
missioners, that he had done so, under his particular
claim, no such evidence having been given by the person
who claimed for Collins; and whereas, Innerarity, the
plaintiff, had been appointed in Mobile, administrator of
Collins' estate; that from regard to the memory of Col-
lins, and for the further consideration of one dollar, paid
by James Innerarity, administrator of said estate, he
the said William E. Kennedy did bargain, sell, remise
and quit claim to "James Innerarity, administrator of
said estate, and to all, and every, and each person, who
should purchase the said described premises, or any part
thereof, at an administrators' sale of real estate, made in
pursuance of the laws thereto applicable, and the legal order
of the Court having the power to make such order, and
all, and every, and each of their heirs," all the right he
then had, or thereafter might have to the southern half
of said premises, according to said articles of agreement,
which he thereby ratified and confirmed, together with all
the reversions, &c. and all his estate, both at law and in
equity, &c. "  To which was added a covenant, that if a
further title of confirmation or patent was obtained from
the General Government, for the said land, that he and his
heirs were bound to execute such further conveyances to
"said J. Innerarity, administrator, or to his legal assigns,
or the heirs of said Collins, as the case of right should be,
as they or any of them should demand for the premises."

Innerarity
v.
Kennedy and
Kitchens.

To this deed, Joshua Kennedy was a witness, and it was acknowledged before the clerk of the inferior Court of Mobile county. The article of agreement referred to was appended to the deed; it purported to be a grant of the one half of the premises above described, to be held by Kennedy, on condition of his fencing and ditching the lot immediately, to prevent its forfeiture. The defendant's counsel objected to the said deed as evidence, and the Court, on the ground that the deed conveyed no legal title to the plaintiff, rejected it. This was the error assigned by Innerarity, the plaintiff in this Court.

ACRE, for the appellant.

ELLIOTT, for the appellees. The deeed was properly excluded; the *probata* should legally correspond with the *allegata* contained in the declaration. The plaintiff declares for the lands *in his own right,* and produces a deed executed to him in his fiduciary character, and as administrator of the estate of Collins; and this deed is made in conformity with the articles of agreement made with Collins in his lifetime, and which constituted the *sole consideration* for making it.

The fact that the articles of agreement were the only evidence of consideration, and in fact, constituted a part of the deed itself, proves that the words "*as administrator of, &c.*" were not intended as the plaintiffs' counsel insist, as *descriptio personæ*; but that they were used *ignorantia juris,* to pass the estate to the heirs of Collins. This was the intention; but this the plaintiff has entirely disregarded, and has sued in his own right. At law, if the deed could have any validity, it could only be as evidence in an action brought by the plaintiff in his representative capacity. [a] The plaintiff is bound to elect the right under which he will claim, he cannot in the same action, claim the fee, and also claim as trustee for the heirs at law. But we contend, that at law, the deed is a nullity; though in equity, it might be otherwise. The deed does not pass the estate to the plaintiff in his own right, and it cannot support his action; he must recover on the strength of his own title, and not on the weakness of his adversary's, [b] and his title must be a legal title, and not only a legal title, but he must establish a right in himself, to enter, to possess, and to enjoy; this the deed certainly does not shew. [c]

[a] 2 Starkie 516.

[b] 2 Starkie's E. 514.

[c] 2 Starkie 506.

By JUDGE COLLIER. The material question for the Court to determine, is, whether the deed of William E. Kennedy to the plaintiff should not have been permitted to go in evidence to the jury in the Court below. The deed contains several recitals, descriptive of the lot conveyed, and declaratory of the cause of the conveyance, none of which it is conceived impair its *validity*; and then conveys the lot to the plaintiff, as administrator of J. E. Collins, deceased, and covenants that if the grantor's title to the lot shall be confirmed, or a certificate of confirmation issue therefor from the United States Government, that then he will, if necessary, make further assurance of title. The lot conveyed is south of the thirty first degree of north latitude, east of the Pearl, and west of the Perdido river. The grantor in the deed refers to his title as emanating from the Spanish Governor, Gayoso, in seventeen hundred and ninety-eight. This deed, in the opinion of the Court, conveys to the plaintiff, all title which was vested in the grantor, and there is nothing, on the face of it, which discovers that the legal title was not vested in him. The covenant for further assurance, if further assurance were unnecessary to pass the legal title, would be rejected; whether it was, the Court is unprepared from the facts to say.

The deed, it has been remarked, makes a conveyance to the plaintiff as administrator of J. E. Collins, deceaed, and hence the defendant has argued, is not admissible for the plaintiff in this action in his individual capacity. This argument, it is believed is not sustainable; describing the plaintiff as administrator, can be viewed only as a *designatio personæ*. [a] The legal interest is vested in him individually, and it is competent for him to use the deed as evidence in an action where his representative character is not noticed on the record. The plaintiff will be answerable over, should he recover, to the heirs of his intestate; but that circumstance cannot form matter of legal defence to the plaintiff's action. So strict is the regard paid in Courts of law to the legal title, that a trustee is permitted there, to maintain an action to try title against his *cestui que trust*. [b] If the deed had been made to the plaintiff in his individual character, and he had described himself on the record as administrator, we apprehend the proof would have been variant from the allegation, and he must have failed in his action; but such a case is not analogous to the one we are considering. We are of opinion that the Court

<div style="margin-left: auto; text-align: right;">

JULY 1829.

Innerarity
v.
Kennedy and
Kitchens.

[a] 1 Peters 693,

[b] Adams'
Ejectment 32
33.

</div>

erred in not permitting the deed to go to the jury; its suf-
ficiency to prove the issue is not presented to us, but only
its admissibility; and on that point is our opinion express-
ed. The judgment is reversed and the cause remanded.