## ·RENAUD a. CONSELYEA.

*Supreme Court, Brooklyn Special Term; November, 1856.*

### MORTGAGE FORECLOSURE.—TRUST FUNDS.

Wherever a security for trust funds is taken by the trustee in his individual capacity (though he be described as trustee in the instrument), the legal title to the security vests on his death, not in his successor in the trust, but in his personal representatives; and they or their assignee may maintain an action to collect the funds secured; and the defendants cannot set up the rights of the successor in the trust as a defence to the action.

Action for the foreclosure of a mortgage, tried by the court.

This action was brought by James A. Renaud against Catharine Conselyea, widow of Andrew J. Conselyea, sued as widow and as administratrix of her late husband; and also against eight other defendants, the heirs of Andrew J. Conselyea.  The complaint showed that Andrew J. Conselyea, during his lifetime, executed and delivered to one Charles Paget the bond and mortgage in suit;—that Charles Paget was since deceased, and that his wife, having been qualified as his executrix, had assigned the bond and mortgage to the plaintiff;—that Andrew J. Conselyea, also had died, leaving him surviving his wife Catharine and six children, who, with the husbands of two of them, were the other defendants;—that default in payment had been made, &c.

The answer of two of the defendants, infants, set up that the bond and mortgage were made by Conselyea to Paget in the

latter's capacity as administrator *de bonis non* of one John Devoe; that the moneys secured by the mortgage were a part of the estate of Devoe; and it was claimed by the answer that the title to the bond and mortgage therefore vested, on the death of Paget, not in his personal representatives, but in his successor in administration upon Devoe's estate.

On the trial of the action, in September, 1856, before Mr. Justice Birdseye without a jury, the plaintiff offered in evidence to support his complaint, a mortgage given by Conselyea to Paget; in the introductory part of which Paget was described as " acting administrator of the estate of John Devoe, deceased." But the lands were conveyed to Paget, *his heirs and assigns;* and there was no other allusion to his representative capacity than the reference to it in the introductory clause. The defendant objected, on the ground that the mortgage set forth in the complaint was made to Paget in his individual capacity, while that offered in proof was made to him as administrator. This was the principal question in the case.

*Luther R. Marsh*, for the plaintiff, contended that the words " acting administrator," &c., were a mere description of the person; and that by the legal effect of the mortgage, the money was payable to Paget, his executors, administrators, and assigns, &c.; citing Spencer *v.* Field (10 *Wend.*, 87).

*James Maurice*, for defendant.

BIRDSEYE, J.—Had the action to foreclose the mortgage described in the complaint in this case, been brought during the lifetime of Mr. Paget, the mortgagee, it might have been brought by him in his own name; the words " administrator, &c.," added to his name being a mere *descriptio personæ* (Merritt *v.* Seaman, 2 *Seld.*, 168, and cases there cited). The legal title to the security was in Paget individually. He may or may not have been responsible to the estate of his testator, by reason of his having taken a security in that form. That question, however, is not here presented. The only point now before the court is, whether the legal title was vested in Paget individually, and passed at his death to his personal representatives, so that a payment to them by the mortgagor will discharge the mortgage and satisfy the lien ;—if so, there must be the end of

this defence. For it is no concern of these defendants, so they are discharged, what may be the rights of Devoe's estate to the moneys when paid to the plaintiff. They can only ask—Has the plaintiff the legal right to receive the mortgage debt and cancel the mortgage? That Paget individually, and not as administrator, could have done this, is clear.

Then, did that right pass, on his death, to his personal representatives? This precise point is not decided in Merritt *v.* Seaman, nor in any other case cited that I am aware of. But it seems to be a necessary corollary of the main point decided in that case. It more conclusively follows from the positions laid down by the court in Biddle *v.* Wilkins (1 *Pet.*, 686).

I must, therefore, overrule the objections of the defendants to the admissibility of the bond and mortgage, the will of Mr. Paget, the letters testamentary therein, and the assignment of the mortgage to the plaintiff. The evidence adduced by the defendant then becomes immaterial, and must be excluded. Exceptions to these rulings are noted, as duly taken by the defendants.

The plaintiff is entitled to judgment, according to the prayer of the complaint. The amount due this day for principal and interest is $1,513.33. The plaintiff may have an allowance of five per cent. on this sum, besides his specific costs.