(Decided January 23rd, 1861.)

# DAVID STEM and wife *vs.* SAMUEL COX, and others.

Under proceedings in the County court, under the Act of 1820, ch. 191, for the division of the real estate of an intestate, the eldest son elected

to take the land at the valuation of the commissioners, and *gave bond*, with two sureties, for payment to the other heirs of their proportions. 'I he son, so electing, died, and his heir-at-law conveyed the land to a purchaser, for value, who subsequently sold and conveyed the same to another party for value. Many years afterwards, the other heirs-at-law of the intestate filed their bill against the *personal representatives* of the two purchasers and of one of the sureties on the bond, for a sale of the land to pay their proportions of the valuation, and for general relief. HELD:

1st. That the complainants, whatever claim they may have against *the land* in the hands of parties claiming title, have no cause of action against the *personal representatives* of either of the purchasers, nor can they *be joined* in a suit against the personal representatives of the surety.

2nd. The liability of the surety was a mere personal liability as surety on the bond, and no cause having been shown why his personal estate should be brought into equity for settlement, the bill was properly dismissed as to all the parties.

3rd. None of these defendants has, or represents any one who has, any interest in, or who appears to be concerned with, the land, to charge which is the chief object of the bill, and it is well settled, that all persons interested in defeating such claim, should be before the court.

Upon appeal from a final decree, dismissing the bill, a previous order or decree sustaining and allowing demurrers to the bill, which had been filed by some of the defendants, may be reviewed.

APPEAL from the Equity side of the Circuit Court for Charles County.

The bill in this case, filed on the 1st of April 1857, by the appellants, on behalf of themselves and the other heirs of William Swann, deceased, against J. H. Hanson, the *administrators* of Hugh Cox, the *executrix* of W. Latimer, and the *executor* of Wm. Holmes alleges, that William Swann died in 1821, leaving six children his heirs-at-law, of whom the complainant, Mrs. Stem, is one, and that such proceedings were had in the County court, under the Act of 1820, ch. 191, for the division of his real estate, that James Swann, the eldest son, elected to take the same at the valuation ($896) of the commissioners, and on the 27th of March 1823, gave bond to the State, in accordance with the provisions of the Act of 1820, for payment to the other heirs of their proportions of this valuation, with W. Latimer and J.

H. Hanson, as his sureties, which bond was duly filed and approved by the court; that said James Swann subsequently died, leaving two sons, George and James, his heirs-at-law, both of whom have since died, intestate, without issue and without property, and that the said George having, by the death of his brother James, succeeded to his interest in said land, conveyed the same, in fee-simple, on the 15th of December 1842, for a valuable consideration, to Hugh Cox, who, on the 18th of September 1843, conveyed the same, in fee, for a valuable consideration to Wm. Holmes; that Hugh Cox has also died intestate, and his sons Samuel and William Cox are his administrators; that Wm. Holmes also died in possession of said land, leaving his son, Alex. B. Holmes, his executor; and that W. Latimer, one of the sureties in the aforesaid bond, also died, leaving Eleanor, now Mrs. Marshall, his executrix. The bill then charges that the complainants and the other heirs of the said Wm. Swann, long before the sale of the said land, by the election to take the same as aforesaid, removed, and have ever since resided, beyond the limits of the State of Maryland; that from the time of the execution of said bond, the said valuation became a lien upon said land until the payment of the same, and of the existence of this lien, the said George Swann, James Swann, Hugh Cox and Wm. Holmes, had notice; that the complainants, and the other heirs-at-law of the said Wm. Swann, have been paid no part of the above valuation or purchase money of said land, but the same remains wholly unpaid, the records of the proceedings for the division of the same showing no settlement or proceedings beyond the filing of the bond aforesaid. To the end that the parties interested may receive their distributive shares of said valuation or purchase money, and what they are justly entitled to, the complainants pray the court to pass a decree for the sale of said land, or such a decree as their case may demand, and will take such measures as will be for the interest of all concerned, and consistent with equity and good conscience.

The defendant, Hanson, was not summoned, and did not appear to the bill. The administrators of Hugh Cox de-

murred to the bill: 1st. Because the same does not disclose a case which would entitle the complainants to relief against them. 2nd. Because the alleged claim set up in the bill against them is barred by limitations and lapse of time. The executrix of W. Latimer, also demurred to the bill upon the same grounds, and upon the further ground, that the remedy of the complainants against her, if any existed, was purely a legal one, and not, therefore, cognizable in a court of equity.

The court, (ROBERT FORD, *Special Judge,*) on the 30th of June 1858, passed a decree allowing and sustaining both these demurrers.

The executor of Wm. Holmes, the other defendant, filed his answer, alleging payment, denying his liability and pleading in bar of the claim, the statute of limitations and lapse of time. A commission then issued, under which proof was taken and returned, and exceptions thereto filed on the part of the defendant. Holmes, and, by agreement, the cause as against him was set down for final hearing on bill, answer, exhibits and proof, and on the 31st of July 1858, the court passed a decree dismissing the bill, and *from this decree* the complainants appealed.

The cause was argued before TUCK, BARTOL and GOLDSBOROUGH, J., by *R. S. Reeder* for the appellants and *Thos. G. Pratt* for the appellees. The argument on either side was directed chiefly to the construction of the Act of 1820, ch. 191, and to the question of limitations and lapse of time, but as these questions are not decided in the opinion of this court, a report of the arguments, on these points, is unnecessary.

It was also argued, on the part of the appellees, that the decree sustaining the demurrers could not be reversed: 1st, because no appeal was taken from that decree; and, 2nd, because the bill does not pray any relief as against the defendants who demurred. It was also argued, in behalf of the executor of Wm. Holmes, that he, *as such executor*, has no interest in this suit, and the decree dismissing the bill as to him, was therefore right. The only object and sole prayer of the bill is, that the land which was bought by and conveyed to Holmes in 1843, and which, by his death, had

descended *to his heirs at law,* should be sold. *His executor* had no interest in this suit.

TUCK, J., delivered the opinion of this court:

William Swann died seized of land in Charles county, and left children, of whom the appellant, Mrs. Stem, was one. Such proceedings were had in the county court, under the Act of 1820, ch. 191, for the division of his estate, that James Swann, the eldest son, elected to take the land at the valuation of the commissioners, and on the 27th of March 1823, gave bond to the State for the payment to the other heirs of their proportions, with W. Latimer and J. H. Hanson as his sureties. He died leaving two children, George and James, both of whom are dead; and George, having by the death of his brother James succeeded to his interest in the land, conveyed it to Hugh Cox, on the 15th of December 1842, who conveyed it to Wm. Holmes, on the 18th of September 1843. Cox and Holmes are also dead. The appellees, S. and W. Cox, are the sons and administrators of the former, and Alexander Holmes is the son and executor of the latter. Latimer, one of the sureties, is dead, and Mrs. Marshall is his executrix. The present bill was filed by Stem and wife, in behalf of themselves and the other children of Wm. Swann, to enforce payment of the amounts severally due them on the bond of their brother, James. Hanson, the other surety, was not summoned, though made a defendant by the bill; so that the parties now before the court, as defendants, are the administrators of Cox, the executrix of Latimer, and the executor of Holmes, but his heirs or devisees are not parties.

The administrators of Hugh Cox demurred to the bill, upon the grounds that it does not disclose a case which would entitle the complainants to relief against them, and because the claim is barred by limitations and lapse of time. The executrix of Latimer likewise demurred, upon the grounds taken in the demurrer of Cox's administrators, and upon the further ground, that the remedy of the complainants as against her was (if any existed) purely a legal one, and not, there-

fore, cognizable in a court of equity; and the special judge below, by his decree of the 30th of June 1858, adjudged in favor of these appellees, upon both demurrers. The executor of Wm. Holmes, the other appellee, filed his answer to the bill, alleging payment; also, denying his liability, and pleading in bar of the complainants' alleged claim the statute of limitations and lapse of time; and upon final hearing, on the 31st of July 1858, the bill was dismissed. The complainants appealed from this last decree, but not from that of the 30th of June; notwithstanding this, however, the ruling upon the demurrers may be reviewed upon the present appeal. *Act of* 1830, *ch.* 185. *Dugan vs. Gittings,* 3 *Gill,* 138. *White vs. White,* 5 *Gill,* 359, 382.

Looking to the case as presented by the record, we are not aware of any rule of pleading which empowers a party, in the condition of these complainants, to proceed against either of the defendants; nor have we been able to discover any ground for joining them in one suit. Cox bought the land and sold it to Holmes; but we have not been informed how this fact gave the heirs of William Swann any cause of action against the personal representatives of either of these persons, whatever claim they might have against the land in the hands of parties claiming title. And so of Latimer and his executrix. His was merely a personal liability as surety on the bond, and nothing is shown why his personal estate should be brought into equity for settlement, even conceding that his executrix could be properly joined with the others. It is manifest that relief cannot be granted against the defendants as representing their respective decedents in respect to the personal estate of each, in which capacity alone they are sued, without bringing into court the administration of these three estates, and mingling in one proceeding matters which have no manner of connection, to be defended by parties representing different and distinct interests; and if the other creditors of these deceased persons should, as they may, become necessary parties in marshalling the assets, the complexity and confusion would be increased. Besides, no one of the defendants has, or represents any person who has, an

interest in, or who appears to be concerned with, the land, to charge which seems to be the chief object of the bill, and it is well settled, that all persons interested in defeating such claim should be before the court. *Story's Eq. Pl., sec.* 217, 530. *White vs. White,* 5 *Gill,* 382. *Ridgely vs. Iglehart,* 6 *G. & J.,* 49.

In expressing our concurrence with the court below in dis-missing the bill, we are not to be understood as having formed an opinion on the questions of limitations and lapse of time. It would be obviously improper to do so in the absence of parties interested in that defence.

*Decree affirmed, with costs.*

(Decided January 31st, 1861.)