Barton, Ex'r, and Howison, Adm'r, *vs.* Higgins, *et al.*

(Decided 5th March, 1875.)

---

WILLIAM S. BARTON, Executor, and JAS. R. HOWISON, Administrator of JOHN METCALFE *vs.* DAVID HIGGINS, and others.

*What is not a Final order— When a foreign Executor may, and when he may not sue in this State.*

An order of Court ratified an auditor's account, except as to one claim, which was not ratified because filed by a foreign executor, not holding letters from this State. The order declared that final action was suspended on this claim, "for the present, for the purposes, and in accordance with the views expressed in the opinion this day filed." HELD:

That this was not a final order; and an appeal not taken in the prescribed time after this order, but taken within such time, after a decree finally rejecting the claim, will not be dismissed.

A foreign executor cannot collect and administer assets due the testator in this State.

But a foreign executor may enforce in this State the payment of a judgment already recovered by him in the State where his letters testamentary were granted.

In such case, the suit should be brought in the executor's own name; but if he sues in his representative capacity, he need not make profert of letters of administration; and if he describes himself in his *narr* as executor, such description is surplusage.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

In June, 1858, Wm. S. Barton, executor of John Metcalfe, obtained judgment on a bond against Henry O. Middleton, in the Circuit Court for the county of Spotsylvania, Va., for $2,880.00. Middleton afterwards died, leaving real estate in Maryland, which was sold under a decree of the Circuit Court for Anne Arundel county, for the payment of his debts. On the 22 June, 1868, Barton, as executor of Metcalfe, filed in the cause, a short copy of his judgment, with a statement of the amount due. The real estate was sold, and by the auditor's report, Barton's claim was allowed a dividend of $1,357.21, as claim No. 10. Exceptions to this account were filed by some of the creditors, full proof demanded, and limitations pleaded. The Judge decided that the claim was not fully proved, and an order was passed 7th May, 1872, allowing further proof to be supplied. An auditor's account was afterwards filed rejecting this claim, as not proved, which was excepted to by Barton, and on the 23rd October, 1872, he filed a full record of his judgment, which the Court held to be sufficient proof. In a subsequent auditor's account of 3rd January, 1873, this claim was allowed, and the case again came before the Court on the 6th March, 1873.

The Judge ruled that Barton having administered in Virginia, could not prosecute the claim under such letters, and an order was passed ratifying the account, "except as to the Claim No. 10 of Barton, executor of Metcalfe, and

final action on this claim was suspended for the present, for the purposes and in accordance with the views, expressed in the opinion this day filed in the case." That is, to allow time for Barton, or some other person, to administer on Metcalfe's estate in Maryland, and prosecute this claim.

On the 3rd June, 1873, James R. Howison having secured letters in Maryland, filed his petition as administrator *c. t. a.* of Metcalfe, in which he prayed to be allowed to come in and prosecute the claim, and receive the money for the benefit of Metcalfe's estate.

On the 5th June, 1873, exceptions were filed to this petition, and on the 19th July, 1873, the exception on the ground of limitations was sustained and the case referred to the auditor, with directions to state an account, distributing the amount allowed to this claim among the other creditors.

An account was stated according to this order, by which Howison, administrator of Metcalfe, was allowed only $97.02 of the said claim, being the share that would have gone to the creditors who did not plead limitations, and the claim, as made by Barton, was altogether excluded. The account was ratified on the 31st December, 1873, and the claim due to Metcalfe's estate, as made by Barton or Howison, finally rejected.

From this order both Barton and Howison appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*P. H. Tuck* and *W. H. Tuck*, for the appellants.

The claim having been filed in 1868, before the expiration of twelve years from the date of the judgment, the statute of limitations does not apply. *Allender vs. Trinity Church*, 3 *Gill*, 172.

It was competent for Barton to prosecute the claim, although he had administered in the State of Virginia,

and obtained judgment there as executor, and had not taken out letters here.

Here the cause of action was merged in the judgment recovered by the executor. If the bond could now be sued on, or if the judgment had been obtained by Metcalfe in his life-time, the domestic administrator could sue here in his own name as administrator. But this judgment stands in the name of Barton, as executor. How can the domestic administrator have control of it to be used by him as a cause of action in this State? There is no privity between Barton as executor, and Howison as administrator of Metcalfe, but there would have been privity between Metcalfe and Howison, his administrator, if the bond had not been merged in the judgment, or if the judgment had been recovered by Metcalfe.

The distinction between foreign and domestic letters does not apply where the cause of action due to the decedent has been reduced to judgment by his executor or administrator, because the judgment becomes a new debt to the administrator, though he may be charged with the amount in his settlements with the Orphans' Court.

If a foreign executor sue on such judgment he need not make profert of his letters, nor name himself as administrator and if he does, it will be treated as surplusage or as mere *descriptio personæ. Cope vs. Lewin, Hobart,* 38 ; *Hargrave vs. Whitehall, Doug.,* 4 ; *Bonafous vs. Walker,* 2 *Term,* 128.

The very question now before the Court has been decided in *Talmadge vs. Chappel,* 16 *Mass.,* 71, where a plaintiff recovered a judgment as administrator, in New York, and sued and recovered on that judgment in Massachusetts, the defendant having subsequently removed to the latter State from New York.

In *Biddle vs. Wilkins,* 1 *Peters,* 686, a plaintiff, administrator in Pennsylvania, recovered a judgment in the United States Court of that State against Wilkins, who

afterwards removed to Mississippi, and suit was brought on that judgment and recovery had by the original plaintiff, in Mississippi.

The same point was settled in *Hargrave vs. Whitehall, Doug.,* 4.

As to the motion to dismiss the appeal: The order of the 6th March, 1873, was interlocutory—not final—and was not the subject of an appeal. That order and all others passed prior to that of 31st December, 1873, may be reviewed on the appeal from it. This rule applies whether the prior orders be interlocutory or final. The cases shew that, although a party may appeal immediately from an order, determining any question of right, yet he is not obliged to do so, but may rely on errors in such order on his appeal from the final order or decree. *Code, Art.* 6, secs. 20, 21, 22 ; *Acts* 1830, *ch.* 185, 1841, *ch.* 11, 1845, *ch.* 367 ; *Crawford vs. Clagett,* 12 *G. & J.,* 175 ; *Same vs. Same,* 3 *Gill,* 83 ; *Dugan vs. Gittings,* 3 *Gill,* 138, 151 ; *Ware vs. Richardson,* 3 *Md.,* 505, 555 ; *Stem vs. Cox,* 16 *Md.,* 533, 538 ; *White vs. White,* 5 *Gill,* 359, 382 ; *Vickers vs. Tracey,* 22 *Md.,* 198, 199 ; *Chenowith vs. Smith,* 29 *Md.,* 18.

*Frank. H. Stockett* and *Alexander Randall,* for the appellees.

The Statute of Limitations began to run against this claim, *if it was a bond,* (being dated 27th of February, 1856, and payable on demand,) from its date, and it was barred on the 27th of February, 1868 ; *if it was a judgment,* (being rendered in Virginia on the 1st June, 1858,) it was barred by the laws of Virginia on the 1st June, 1868, and by the laws of Maryland on the 1st of June, 1870, not having been filed in this cause by James R. Howison, as administrator, *c. t. a.* of John Metcalfe under the Maryland letters of administration, until 3rd of June, 1873. This claim was more than twelve years standing

from the maturity of the bond, and also from the rendition of the judgment to the filing thereof, and is therefore barred by the Statute of Limitations in favor of all the creditors, who plead the same against it. *Hall vs. Creswell*, 12 *Gill & J.*, 48; *Ohio Life Ins. Co. vs. Winn*, 4 *Md. Ch. Dec.*, 253; *Young and Wife vs. Mackall*, 4 *Md.*, 373.

The Statute of Limitations having begun to run against this claim, was not arrested by its having been afterwards filed by another person, and in another right, nor by any other of the proceedings in this cause. *Ruff vs. Bull*, 7 *H. & J.*, 14; *Green vs. Johnson*, 3 *G. & J.*, 389; *Abell vs. Harris*, 11 *G. & J.*, 367; *Stewart vs. Spedden*, 5 *Md.*, 433; *Alexander vs. Pendleton*, 8 *Cranch*, 462; *Peck vs. Randall*, 1 *John. Rep.*, 165; *Angell on Limitations*, 51, sec. 56.

If the Court be not prepared to affirm this decision of the Court, on the points by it decided, yet if this Court find, as the appellees insist they will find, that the appellants are chargeable with *laches,* lapse of time and gross neglect in prosecuting and proving this claim, if not now clearly proved, as the appellees affirm it is not, then this Court will nevertheless agree with the Court below in rejecting this claim. *Hawkins vs. Chapman*, 36 *Md.*, 99; *Pairo vs. Vickery*, 37 *Md.*, 487.

On the motion to dismiss the appeal: No appeal was taken from the order of this Court dismissing and rejecting the claim of Barton, executor of John Metcalfe. *Ware vs. Richardson*, 3 *Md.*, 555; *Glenn vs. Ches. Bank*, 3 *Md.*, 475; *Cain vs. Warford*, 7 *Md.*, 282; *Cloud vs. Needles*, 6 *Md.*, 501; *Rider vs. Gray*, 10 *Md.*, 282.

By the amendment made and the coming in of new parties, there is a waiver and abandonment of the claim set up by the former parties. *Stoddert vs. Newman*, 7 *H. & J.*, 251; *State vs. Milburn*, 9 *Gill*, 98; *Henderson vs. Gibson*, 19 *Md.*, 234.

ROBINSON, J., delivered the opinion of the Court.

In 1858, W. S. Barton, executor of John Metcalfe, recovered judgment against Henry O. Middleton in the Circuit Court for the county of Spotsylvania, Virginia, for the sum of $2800. Middleton died leaving real estate in Maryland, which was sold under a decree of the Circuit Court for Anne Arundel County, for the payment of his debts.

On the 22nd June, 1868, Barton, executor of Metcalfe, filed in the proceedings for the sale of the real estate a copy of the judgment thus recovered by him and prayed to be allowed the same. To this claim exceptions were filed by certain creditors, and the Court being of opinion that the letters testamentary granted in Virginia, conferred no power upon the executor to collect or administer assets belonging to the testator in this State, ratified the auditor's account except as to the claim of Barton, executor, in regard to which final action was suspended in order that letters of administration might be taken in this State.

Subsequently letters of administration were granted in this State to James R. Howison, who also filed a copy of the judgment thus recovered by Barton, executor, and prayed to be allowed the same. Exceptions were filed by the creditors to this claim, and the plea of limitations also interposed. The Court overruled the exceptions, but sustained the plea of limitations, and on the 31st December, 1873, ratified the auditor's account, rejecting the claim of Barton, executor, upon the judgment recovered by him in Virginia, and also rejecting the claim of Howison, administrator, except as to the sum of $97.02. From this order appeals were taken by Howison, administrator, and also by Barton executor, and Howison administrator, assignee of Barton.

At the hearing of the case in this Court motion was made to dismiss the appeal of Barton executor, and Howison administrator, upon the ground that no appeal was

taken from the order of the Court of March 6th, rejecting the claim as presented by Barton, executor, within the time prescribed by the Code. This motion however must be overruled. In no just sense can the order of March 6th, be considered as a final order or decree. On the contrary, by the express terms of the order final action in regard to this claim was suspended. The final order was not passed until 31st December, 1873, and on appeal from this order all previous orders passed in the cause may be reviewed by this Court. *Code, Art. 6, secs.* 20, 21, 22; *Crawford vs. Claggett,* 12 *G. & J.,* 175; *Dugan vs. Gittings,* 3 *Gill,* 138; *Ware vs. Richardson,* 3 *Md.,* 505; *Stem vs. Cox,* 16 *Md.,* 533; *Vickers vs. Tracey,* 22 *Md.,* 198; *Chenowith vs. Smith,* 29 *Md.,* 18.

This brings us to the question as to whether there was error in rejecting the claim filed by Barton, executor. We fully agree with the Court below that the letters testamentary granted in Virginia, conferred no power upon the executor to collect or administer assets due the testator in this State. But there is a wide distinction between an attempt on the part of a foreign executor to bring a suit in this State upon *an original cause of action due the decedent,* and his right to enforce the payment of a *judgment already recovered by him in the State where his letters testamentary were granted.* In the latter case, the judgment becomes a new debt due to him as administrator, and his right to sue for the same does not depend upon his letters of administration. Strictly speaking, the suit should be brought in his own name, but it is well settled, that if he sues in his representative capacity, he need not make profert of letters of administration, and although he does describe himself in the *nar.* as administrator, yet such description will be rejected as mere surplusage. This was decided in *Hargrave vs. Whitehall, Doug.,* 4, *note,* where an action of *indebtitatus assumpsit* was brought by the plaintiff as administrator, upon a judgment recovered by

him as administrator against the defendant in the Mayor's Court in Calcutta. The declaration alleged that the defendant was indebted to the plaintiff as administrator in the sum therein mentioned, and which had been adjudged to him as administrator. The defendant demurred specially, and showed for cause that there was no profert of letters of administration, but the Court said, this was unnecessary, because the action having been brought upon a judgment recovered by the administrator, he was not obliged to describe himself as administrator, and having done so it was mere surplusage.

In *Talmaye vs. Chappel*, 16 *Mass.*, 71, the precise question presented by this appeal was considered and decided. In that case, the plaintiff, as administrator, sued the defendant upon a judgment recovered by him as administrator in New York, and so described himself in the declaration, and the defendant pleaded in bar that at the time of the rendition of the judgment, the parties were all residents of the State of New York, and that the plaintiff was appointed administrator in that State, and had not taken out letters of administration in Massachusetts. The Court said, "We think the plea in bar bad." "The action is on a judgment already recovered by the plaintiff, and it might have been brought by him in own name and not as administrator. For the debt was due to him, he being answerable for it to the estate of the intestate, and it ought to be considered as so brought, his style of administrator being merely descriptive, and not being essential to his right to recover. It is important to the purposes of justice that it should be so; for an administrator appointed here could not maintain an action upon this judgment, not being privy to it." This case and the principles upon which it was decided, were approved by the Supreme Court in *Biddle vs. Wilkins*, 1 *Peters*, 686.

We are of opinion, therefore, that the Court erred in rejecting the claim of Barton, executor of Metcalfe and

the order of the 6th of March, 1873, and the final order
of the 31st of November, 1873, must be reversed, and the
cause remanded, in order that the auditor may state an ac-
count in conformity with these views.

> *Order reversed, and*
> *cause remanded.*

(Decided 5th March, 1875.)