STATE OF MISSOURI, TO USE OF WILLIAM MINOT, JR., Respondent, *v.* JAMES E. KAIME, Appellant.

### November 20, 1877.

Where, on final settlement, an administrator in Missouri has been ordered to pay a balance due the estate to W. M., executor, in Massachusetts, and, on failure to comply with such order, an action is brought against the surety on the administrator's bond, by W. M. as foreign executor, his style may be considered as merely descriptive, he having a right to bring the suit in his own name, it being founded on an order of the Probate Court directing the money to be paid to him by name.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

FISHER & ROWELL, for appellant : A foreign administrator cannot sue on rights given by the statutes of another State. 3 Redf. on Wills, 25, note ; *Richardson* v. *New York Central R. Co.*, 98 Mass. 85 ; *Woodward* v. *Railroad Co.*, 10 Ohio (N. S.), 112 ; *Needham* v. *Grand Trunk R. Co.*, 38 Vt. 394.

HITCHCOCK, LUBKE & PLAYER, for respondent : When a sum of money is adjudged by the courts of this State to be paid to a foreign executor, it becomes a debt due to him personally, he being answerable for it to the estate of his testator. — *Biddle* v. *Wilkins*, 1 Pet. 693 ; *Talmage* v. *Chappel*, 16 Mass. 72 ; *Barton* v. *Higgins*, 41 Md. 546, 547. If, in suing on such a judgment, the plaintiff describe himself as such executor, this is merely descriptive, and may be rejected as surplusage. It will not affect his right to recover in such suit. — *Barton* v. *Higgins*, 41 Md. 546 ; *Wallis* v. *Lewis*, 2 Ld. Raym. 1215.

BAKEWELL, J., delivered the opinion of the court.

Defendant is one of the sureties on the bond of Obear as administrator of Sedgwick, and plaintiff is the executor of Sedgwick, in Massachusetts, where she died. At the December term, 1874, of the Probate Court of St. Louis

County, on final settlement, the court ordered the administrator here to pay to William Minot, Jr., (plaintiff in this action), the executor in Massachusetts, $2,223.49 in cash, the balance found due the estate. The administrator has not paid in accordance with the order, and this is a suit upon his bond. The petition sets forth these facts, and asks for judgment in the usual form. The defendant contends that plaintiff has not legal capacity to sue in this case, or in this State, being a foreign executor. He demurred to the petition on this ground; the demurrer was overruled, judgment was for the penalty of the bond, and execution ordered for $2,517.69 damages, being the amount of the claim and interest. Defendant appeals.

The only question here is upon the demurrer of defendant. If his view of the law is correct, the foreign executor could never enforce this collection. A new administrator might be appointed here, but he might refuse to pay, and so the money might be retained by a succession of administrators and be wholly lost to the real owners, the legal representatives of the deceased. It is by no means clear, moreover, that an administrator here could recover against the surety, the order not being in his favor.

The order of the Probate Court here is that the administrator pay to William Minot, Jr., the present plaintiff; this order has not been obeyed; it is unappealed from, and binds the sureties, and gives Minot a right of action against the sureties for the damages occasioned to him by this breach of the bond. That Minot is executor of Sedgwick, and that a foreign executor cannot collect and administer assets due the testator in this State, is true enough, but has nothing to do with the case. The action might have been brought by Minot in his own name, and not as executor; his style ought to be considered as merely descriptive, and not essential to his right to recover; for the action is founded on a judgment of the Probate Court here, by which this money is found to be payable by the principal of defend-

ant to this plaintiff, and ordered to be paid to him by name. This has been expressly decided in Massachusetts and Maryland, and by the Supreme Court of the United States, in cases cited by respondent. *Talmage* v. *Chappel,* 16 Mass. 71; *Barton* v. *Higgins,* 41 Md. 547; *Biddle* v. *Wilkins,* 1 Pet. 686.

We are asked to give damages as for a vexatious appeal. This penalty is confined to cases where the appeal has been taken merely for delay. We do not think this is a case to warrant the infliction of the penalty.

The judgment of the Circuit Court is affirmed. All the judges concur.