BROWN et al. v. EQUITABLE LIFE ASSUR. SOC.

(Circuit Court, S. D. New York. January 6, 1902.)

EXECUTORS—ACTION ON LIFE POLICY—PRIOR ADJUDICATION—CLAIM MERGED IN JUDGMENT.

In an action, by the administrators of the estate in New York of one who died in the Hawaiian Islands, to recover on a policy on the life of deceased payable to his administrators, defendant pleaded that a prior administrator at Honolulu, having possession of the policy on proofs of death, in a prior suit brought thereon in the circuit court of the First circuit of the territory of Hawaii, on appearance had recovered judg-ment against defendant for the amount due. *Held*, that the cause of action on such policy merged in such judgment, which is a full defense to plaintiffs' claim.

At Law.

Edward D. O'Brien, for plaintiffs.
Allen McCulloh, for defendant.

WHEELER, District Judge. The plaintiffs are citizens of North Carolina, appointed administrators of the estate in New York of David B. Smith, late of Honolulu, in Hawaiian Islands, and this suit is brought to recover $25,000 specified in an insurance policy upon his life held by him, and payable, on proof of death, to his executors or administrators at the defendant's office in New York. The de-fendant has pleaded that a prior administrator at Honolulu, having possession of the policy on proofs of death, in a prior suit brought thereon in the circuit court of the First circuit of territory of Hawaii, on appearance has recovered judgment against the defendant for the amount due. To this the plaintiffs have demurred.

Upon the recovery of this judgment the administrator became vested personally with the right to enforce it there or elsewhere in

other jurisdictions, without profert of letters of administration. Crawford v. Witten, Lofft, 154, mentioned in note to Walker v. Witter, Doug. 4, was an action in the king's bench in England on such a judgment recovered by the plaintiff as administrator in the mayor's court at Calcutta, in Bengal. Talmage v. Chapel, 16 Mass. 71, was upon a judgment recovered by the plaintiff in New York to which the defendant pleaded that he had not been appointed administrator in Massachusetts. The court held the plea bad, and said:

"The action is on a judgment already recovered by the plaintiff, and it might have been brought in his own name, and not as administrator. For the debt was due to him, he being answerable for it to the estate of his intestate; and it ought to be considered as so brought, his style of administrator being merely descriptive, and not being essential to his right to recover. It is important to the purposes of justice that this should be so, for an administrator appointed here could not maintain an action upon this judgment, not being privy to it. Nor could he maintain an action on the original contract, for the defendants might plead in bar the judgment recovered against them in New York."

This latter supposition covers this case. In Biddle v. Wilkins, 1 Pet. 686, 7 L. Ed. 315, which was an action in Mississippi on a judgment in Pennsylvania to which the defendant pleaded that he was the administrator in Mississippi, the plea was adjudged bad, and Mr. Justice Thompson for the court, after reviewing the cases, repeated that language of the court of Massachusetts. And in Wilkins v. Ellett, 108 U. S. 256, 2 Sup. Ct. 641, 27 L. Ed. 718, on a plea in an action in Tennessee of payment in Alabama to an administrator there, Mr. Justice Gray said:

"If a debtor, residing in another state, comes into the state in which the administrator has been appointed, and there pays him, the payment is a valid discharge everywhere. If the debtor, being in that state, is there sued by the administrator, and judgment recovered against him, the administrator may bring suit in his own name upon that judgment in the state where the debt r resides. Talmage v. Chapel, 16 Mass. 71; Biddle v. Wilkins, 1 Pet. 686, 7 L. Ed. 315."

Upon these principles the cause of action is merged in the Hawaiian judgment, and the right of recovery upon it here is in that administrator, and not in the plaintiffs. There can be but one such right, and that is his.

Demurrer overruled.