Macomber, J.
The complaint was dismissed by the justice at the special term solely upon the ground that the *904 plaintiff had not legal capacity to sue. A carefully considered opinion accompanies the decision of the court, in which we fully concur, and it is not needful to restate or enlarge upon the reasons there so cogently assigned.
One observation only is required in addition to what has been said at the special term. The point is now made, apparently for the first time, that the incapacity of the plaintiff to sue was apparent upon the face of the complaint, and that such defect should have been taken by demurrer, and not having been taken by demurrer, the same is deemed to be waived under the Code of Civil Procedure. This proposition is not maintainable, for it is alleged in the complaint that the “plaintiff was duly appointed trustee of the estate of George Hoyles Dunscomb, deceased, the testator above named, in the place and stead, and as successor of Charles H. Murihead, deceased, and thereby the said plaintiff succeeded to all the rights and powers, as trustee, under the said will aforesaid, and became entitled to receive and hold said stock for the purposes of the trust.”
Under this allegation of the complaint a demurrer could not have been successfully interposed. The great defect in the plaintiff’s case is that it was unable to establish by evidence this allegation in the complaint which was put in issue, and which it became incumbent upon the plaintiff to establish before a recovery could be had.
The judgment should be affirmed, with costs.
Van Brunt, Ch. J., and Brady, J., concur.
'The following is the special term opinion referred to:
Patterson, J.
I am of opinion that the plaintiff cannot maintain this action. It sues as a trustee appointed by a court in the Dominion of Canada, and in place and as the successor of a deceased trustee of a trust created by will of •a resident of Canada, which will has not been admitted to probate in this state and no reappointment made here of the plaintiff as trustee. It is well settled in New York that a foreign executor, administrator or guardian cannot sue in the courts of this state until the will is prbven here and the foreign appointment repeated. The reasons of this rule are stated by Denio, J., in Petersen v. Chemical Bank (32 N. Y., 21). There is no distinction in principle on the question involved between executors, administrators, guardians and substituted testamentary trustees appointed by foreign tribunals, and deriving their authority solely from the foreign court and the provisions of foreign statutes. The same reasons apply for excluding a trustee so appointed as operate to disable the executor or guardian, and this has been very clearly pointed out by Judge Ship-man in his opinion in Curtis v. Smith (6 Blatch. C. C. R., *905 537). That is the only case I have been able to find in which the point as affecting a trustee not named in the will, but succeeding to the trust only by judicial appointment, has been distinctly raised and decided. In the case referred to, the learned judge, after stating that if the legal title of the trustee came directly from the testator and through the will alone, it would be respected everywhere even when encumbered with a trust, proceeds to say (p. 550): “But if the title is not derived from the jus disponendi of the owner but solely from some act of the law, the effect of that act is confined to the territorial jurisdiction over which the law extends. This is the principia which has governed the cases of executors, administrators, and guardians and I see no reason why it should not prevail in regard to trustees appointed by local law. As the-trustee in such a case derives his title not from the jusdisponendi of the owner but- from the law of the state under which he is appointed, this title as well as the right to enforce it by legal remedies must cease to operate when ho enters a foreign jurisdiction; whenever he seeks to exercise his powers in another state than that under whose laws he is appointed, he must first have his appointment repeated by the local tribunal having jurisdiction over the appointment of trustees.”
• It is undoubtedly true that foreign corporations and foreign receivers, and even foreign assignees or trustees,, in proceedings in invitum in bankruptcy, are permitted,, under certain circumstances, to maintain actions in our courts upon a liberal application of the doctrine of interstate or inter-national comity, as is illustrated in the Matter of Waite (99 N. Y., 433), but no court has yet gone to the extent of applying the principle of comity to overruling that class of cases arising under wills and in testamentary matters in which distinct rules have been pronounced and adhered tb for years both in this country and in England. The inconsistency of admitting one set of appointees to sue and excluding another, has been frequently remarked and commented upon, but the differing rules exist and must be followed until the courts of final authority see fit to adopt some uniformity of decision, if that be desirable or expedient. It is said that there are reasons connected with administration to justify the maintainance of the doctrine that persons suing en autre droit by authority derived from foreign probate courts and under foreign laws should be reappointed by and become amenable to the courts of the jurisdiction in which they seek to enforce obligations, and that where trustees are concerned it is usual that the trust begins where administration ends, and therefore the reasons; *906 referred to do not apply, for there are no creditors as such of the trust to be protected. But the exclusion of the substituted trustee is merely because his authority is given by a foreign court to execute a trust proven only in the foreign jurisdiction which has conferred but a limited authority.
If the case were one in which direct relations had been established betwen the plaintiff and the defendants, a different question might arise; such as was presented in Lawrence v. Lawrence (3 Barb. Ch., 71). But here the plaintiff was an entire stranger to all the matters of substance involved in the controversy, and whatever right or title it has acquired is altogether derivative from the Canadian court.
It is unnecessary, in this view of the case, to consider the other important and interesting questions discussed on the hearing. There must be judgment for the defendants which is based solely on the ground hereinbefore indicated, and the findings will be settled accordingly.
Judgment for the defendants, with costs.