### DYER *v.* POWER *et al.*

*(Supreme Court, General Term, First Department.* June 12, 1891.)

1. FOREIGN RECEIVERS—RIGHT TO SUE IN NEW YORK.
   A foreign receiver may sue in the courts of New York, where there are no local interests adverse to his suit. Following *Peters* v. *Foster,* 10 N. Y. Supp. 389. VAN BRUNT, P. J., dissenting.

2. SALE—REFUSAL TO ACCEPT—RESALE—ACTION FOR DIFFERENCE.
   In an action for refusal to accept and pay for corn sold by plaintiff to defendant under a contract for "Boston inspection, * * * payment by seller's draft, at sight, on buyers, with documents attached as customary," the complaint alleged that plaintiff had fully complied with the contract, which allegation the answer denied. *Held,* that the complaint was properly dismissed, in the absence of evidence that the certificate of inspection and bill of lading were attached to the draft when presented to defendant, though there was evidence that such documents were attached to the draft when it was drawn

Appeal from circuit court, New York county.

Action by Sidney Dyer, as receiver, etc., against Edward Power and others, to recover $801.09 damages, the difference between the contract price of the sale of 15,800 bushels of corn, and a resale of the same, in consequence of defendants' refusal to accept. The corn was sold in the city of New York on the 3d day of December, 1886, by J. A. Closser & Co., doing business in Boston, through Otto E. Lohrke & Co., of New York city, their agents, to the defendants, under the following contract of sale:

"Sold for account of Messrs. J. A. Closser & Co., Boston, to Messrs. Power, Son & Co., sixteen (16,000) thousand bushels five per cent., (5%) more or less, grade steamer mixed corn, Boston inspection, at fifty-nine (59) cents per bushel of fifty-six pounds, cost, freight, and insurance to London. Shipment during month of January, 1887, on ocean bill of lading, by first-class steamer from Boston. Payment by seller's draft, at sight, on buyers, with documents attached as customary.

"[Signed]                    OTTO E. LOHRKE & CO., Brokers."

The complaint was dismissed, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*George F. Langbein,* for appellant. *Joseph A. Shoudy,* for respondents.

DANIELS, J The plaintiff, as the receiver of the firm of J. A. Closser & Co., brought this action to recover $801.09, the difference between the price agreed to be paid by the defendants under a contract made with them by Closser & Co., for the sale of 16,000 bushels of corn, and the price it brought on a sale, after the refusal of the defendants to accept it. He was appointed such receiver in an action pending in the state of Indiana; and, at the close of the plaintiff's case, a motion was made by the defendants for the dismissal of the complaint. Among the reasons assigned to support the motion was the objection that the plaintiff had no legal capacity to sue here, and no standing in court, being a foreign receiver. It was not objected that he had not been regularly appointed by the court in Indiana. If it had been, that objection might have been removed by the introduction of the proceedings resulting in the appointment. But the objection was that he, as a foreign receiver, could not maintain an action in this state in that capacity. But in *Peters* v. *Foster,* 10 N. Y. Supp. 389, it was assumed that such a receiver might maintain an action in this state, when there were no local interests adverse to his suit; and there were no such interests in this case. And in *To-*

*ronto Gen. Trust Co.* v. *Chicago, etc., R. Co.,* 123 N. Y. 37, 25 N. E. Rep. 198, it was further held, reversing the same case in 4 N. Y. Supp. 726, that the plaintiff, as trustee, appointed by a court of general jurisdiction in Canada, to collect and get in the outstanding debts and estate of a deceased testator, could maintain a proper action in the promotion of that end in this state; and in principle the receiver in this action is equally entitled to maintain it; and, if the complaint appeared to have been dismissed upon this objection, a reversal would necessarily follow.

But that does not appear to have been the ruling at the trial; and the dismissal may have been directed under the further objections that the Boston inspection of the corn had not been proved to have been made, and that the draft which the vendors were authorized to draw on the defendants for the price was not accompanied with the ocean bill of lading, or the customary documents, required by the contract. It was stated in the evidence that such a bill of lading, and a certificate of the inspection of the corn, were obtained, and with a certificate of insurance attached to the draft. But there was no proof whatever that such was its condition when it was presented to the defendants for their acceptance, and that proof was essential to the plaintiff's action; for the defendants, by their answer, had denied the allegation of the complaint that the terms and conditions of the contract were fully and duly performed and complied with on the part of the vendors of the corn. To prove that compliance, it was for the plaintiff to show by evidence that, when the draft was presented to the defendants, it had these customary documents attached, and that proof was wholly wanting. The absence of the proof has been excused by the fact, as it was stated, that the bill of lading permitted the steamer to stop at Halifax, on her way from Boston to London, and that this was the sole objection stated by the defendants when the draft was presented to them. But there was no legal evidence that they confined themselves to this objection. It was so stated in one of the depositions read upon the trial. But the witness seems not to have been present when the draft was presented, and was consequently without actual knowledge of the fact which in this connection was mentioned by him. It is probable that he stated it in reliance upon a letter written by the brokers through whose intervention the contract of sale was made. There was certainly no such evidence given to prove it as would have permitted the court to submit the inquiry to the jury whether the defendants had restricted themselves to this objection. If there had been, a very different case would have been made to appear. It was in the nature of a condition that the draft, when it was presented to the defendants, should have attached to it such documents as were customary in the shipments of produce, and the evidence failed to prove that fact, as it also did that there had been an inspection of the corn at Boston. That inspection was also an important circumstance, on which dependence would be placed for its quality, conforming to the terms of sale. These objections were well founded, and they render it unnecessary to examine those upon which still greater stress was placed at the trial. It may be that they will be found of no force when they shall be fully considered. But, before that can be done, these other conditions should appear to have been performed. That was not the state of the evidence when the plaintiff closed his case, and the judgment should be affirmed.

VAN BRUNT, P. J., (*dissenting.*) I do not concur in the view that a foreign receiver can sue in our courts, but I concur in the result of this opinion.