Barrett *v.* Barrett.

# BARRETT *vs.* BARRETT.

Where an administrator in another State appointed an agent in this, who received money belonging to the estate; it was held that he might maintain an action for this money, against the agent, without taking out letters of administration here, the claim not being in his representative capacity.

THIS action, which was *assumpsit* for money had and received, was submitted to the court upon a case stated by the parties.

The plaintiff, *Charles Barrett*, a citizen of *New Hampshire*, was duly appointed in that State administrator of the estate of *Charles Barrett*, of the same State, deceased; in which capacity he held a promissory note given to the intestate by three persons in this county. One of the promissors dying insolvent, the plaintiff presented before the commissioners on his estate a claim for the third part of the note, due from him, which was allowed by them to the plaintiff, and a decree of distribution was passed by the Judge of Probate, directing the payment of the dividend to him, in his capacity of administrator. The amount thus decreed was received by the defendant, under a written order from the plaintiff upon the administrator of the promissor; and for this sum the present action was brought by the plaintiff, in his private capacity, as money had and received to his own use. And the question was whether he could maintain any action for the money, without first taking out letters of administration in this State, and suing in his representative character.

*Greenleaf* and *Harding* maintained that he could; and cited *Coburn v. Ansart*, 3 *Mass.* 319; *Talmadge v. Chapel*, 16 *Mass.* 71; *Mosher v. Allen*, ib. 451; *Hunt v. Stevens*, 3 *Taunt.* 115; *Mauran v. Lamb*, 7 *Cowen*, 174; *Marr v. Plummer*, 3 *Greenl.* 73; *Lovell v. Evertson*, 11 *Johns.* 52; *Williams v. Matthews*, 3 *Cowen*, 253; *Smith v. Barrow*, 2 *D. & E.* 476.

*Thayer*, for the defendant.

Barrett *v.* Barrett.

WESTON J. delivered the opinion of the Court.

The defendant, by authority from the plaintiff, received a sum of money, which the latter had a right to claim. The defendant assumed the character of agent for the plaintiff. Shall he be held to account to his principal? We do not hesitate to decide that he must. He has no right to inquire into the origin of the plaintiff's title; whether, when received, it will be his own money, or held for others. The cause of the present action has accrued, since the decease of the intestate. The administrator then may bring the action in his own name. The case of *Smith v. Barrow,* 2 *D. & E.* 476, is an authority to this point. An executor or an administrator takes a note, given to him as such, for money due the estate he represents. He may sue such note in his own name. Cases of this kind are not of unfrequent occurrence. A man may have title to personal property as an administrator, which would be recognized every where; and upon any contract made in relation to it, after the decease of his intestate, he may bring an action in his own name. So he may for any injury done to such property. And it can make no difference in principle, whether such contract is implied by law, or depends on an express promise. The defendant having received money for the plaintiff, the law raises a promise on the part of the defendant to pay it to him; and the plaintiff has the same remedy upon the promise thus implied, which he would have if it had been express. It is only where the administrator must sue in his representative capacity, that his character as such can be called in question, or required to be proved under the laws of the State, where the action is brought.

*Defendant defaulted.*