Lawrence *v.* Lawrence.

LAWRENCE, executrix, &c. *vs.* LAWRENCE, administrator, &c. and others.

As a general rule, a foreign executor is not entitled to sue in our courts, without having proved the will, and taken out letters testamentary thereon, in the proper probate court of this state.

And where two executors are named in a will, and one of them has taken out letters testamentary in this state and the other has not, the one who has obtained letters here may sue in his own name alone, without naming the other as a party.

These rules, however, are only applicable to suits brought by executors for debts due to the testator, or where the foundation of the suit is based upon some transaction with the testator in his lifetime. They do not prevent a foreign executor from suing in our courts upon a contract made with himself, as such executor.

In such a case the executor with whom the contract is made may sue upon it, in his own name, without proving that letters testamentary were granted to him any where.

Where an executor takes a security in his own name, from his co-executor, for moneys received by the latter as executor, he takes such security merely as a trustee for the persons interested in the estate of the testator.

And where a mortgage is given by husband and wife, as executor and executrix, to their co-executrix, to secure the payment of moneys of the estate received by the husband as executor, the wife, after her husband's death, cannot file a bill, in her character of executrix, against his personal representatives and heirs at law, to foreclose such mortgage; where it does not appear from such bill that she is entitled to a portion of the fund secured by the mortgage, as a legatee, for her sole and separate use.

If, in such a case, the wife had an interest in the fund, and the co-executrix to whom the mortgage was given, upon a proper application to her for that purpose, refuses to proceed to foreclose the mortgage, the widow of the mortgagee, and the other legatees for whose benefit the mortgage was given, may file a bill showing their respective rights in the fund; and claiming to have the benefit of such mortgage, and of a foreclosure thereof.

But in that case the mortgagee, and all the legatees who are interested in the fund, must be made parties to the suit; or the bill must be filed by some of the legatees in behalf of themselves and of all others having an interest in the fund.

Lawrence *v.* Lawrence.

THIS was an appeal from a decree of the vice chancellor of the first circuit, allowing the demurrer of the defendant, J. L. Lawrence, and dismissing the complainant's bill as to him, upon the following state of facts, as presented by the bill:

Abraham Beach, a citizen of New Jersey, the father of the complainant, died in 1828. He left personal property in New Jersey, and some in this state, which was disposed of by his will and codicils; and the complainant, and other persons not named in the bill in this cause, were entitled to interests in his estate as legatees. Hannah Rattoone, of New Jersey, and the complainant, and her husband, Isaac Lawrence, of the city of New-York, were appointed executrixes and executor. They proved the will and codicils before the proper probate court, in the state of New Jersey, soon after the death of the testator; and letters testamentary were issued to all of them there. In 1839 Isaac Lawrence was indebted to the estate of his father-in-law, for money which he had received as executor. To secure that debt, and such other moneys belonging to the estate as he should thereafter receive, he and his then wife, the complainant, gave their mortgage in fee, to Mrs. Rattoone, the other executrix, upon a lot of land, in the city of New-York, belonging to Isaac Lawrence, and in which the complainant had no interest except her inchoate right of dower. And by this mortgage I. Lawrence covenanted and agreed to pay to Mrs. Rattoone, as one of the executrixes of his father-in-law, the moneys which he had then received, or should thereafter receive, from the estate, with interest, whenever the same should be demanded of him.

I. Lawrence died in 1841, leaving his wife and Mrs. Rattoone surviving him; he having before that time received moneys from the estate of his father-in-law, to the amount of about $13,500. But whether any part of that sum belonged to his wife as one of the legatees of her father, or whether she had received her share of the estate before the death of her husband, or what part of the estate she was entitled to, under the will and codicils, did not appear. After the death of I. Lawrence, letters of administration upon his estate were granted

to the respondent. And all the real estate of the intestate, with the exception of the mortgaged premises, was sold under the order of the surrogate, for the payment of debts; and the proceeds of such sale were brought into the surrogate's office, in New-York, for distribution.

The complainant, after the death of her husband, having applied to the surrogate of New-York and obtained letters testamentary upon the will and codicils of her deceased father, as one of the executrixes named therein, appeared before the surrogate, as such executrix, and claimed the whole amount due from the deceased executor of A. Beach to the estate, and which was secured to Mrs. Rattoone, the co-executrix in New Jersey, by the mortgage executed by the complainant and her husband. The surrogate refused to allow this claim, as a debt chargeable upon the proceeds of the other real estate of the intestate, until the mortgage should have been foreclosed, and the remedy against the mortgaged premises had been exhausted.

The complainant thereupon filed the bill in this cause, in her own name alone, as executrix of the will and codicils of her deceased father, to foreclose the mortgage given to Mrs. Rattoone as her co-executrix in New-Jersey. The administrator and the heirs at law of Isaac Lawrence were made defendants in the suit; but neither Mrs. Rattoone nor the legatees who were interested in the estate of Abraham Beach, were made parties to the bill.

*W. B. Lawrence & D. Lord,* for the appellant.

*David B. Ogden,* for the respondent.

THE CHANCELLOR. If this had been a mortgage to the testator, for a debt due to him, the executrix who had obtained letters testamentary here would, unquestionably, have had the right to file a bill in her own name to foreclose the mortgage; without making her co-executrix, who had only obtained letters testamentary in a sister state, a party. As a general rule, a foreign executor is not entitled to sue in our courts without

Lawrence *v.* Lawrence.

naving proved the will and taken out letters testamentary thereon from the proper probate court of this state. And where two executors are named in a will, and one of them has taken out letters testamentary in this state and the other has not, the one who has obtained letters here may sue in his own name alone, without naming the other as a party. (*2 R. S.* 71, § 15. *Laws of* 1838, *p.* 103.) These rules, however, are only applicable to suits brought by executors for debts due to the testator, or where the foundation of the suit is based upon some transaction with the testator in his lifetime. And they do not prevent a foreign executor from suing in our courts upon a contract made with him as such executor. For in such a case, the party with whom the contract is made may sue upon it, in his own name, without proving that letters testamentary were granted to him any where. And where a judgment had been recovered in this state, by an administrator appointed here, the supreme court of Massachusetts decided that he could bring a suit upon the judgment in that state, without taking out letters of administration there. (*Talmage, adm'r,* v. *Chapel,* 16 *Mass. Rep.* 71.) Indeed the court went much farther in that case; for it held that an administrator appointed in that state could not have sued upon the judgment in his own name, as administrator, because there was no privity of contract between him and the plaintiff in the judgment in this state.

In the case under consideration, the mortgage was not given to secure a debt due to the testator, nor to secure a demand due to the complainant and to Mrs. Rattoone as the executrixes of the testator. For I. Lawrence, being himself an executor, owed nothing to them as personal representatives of the testator. The money in his hands belonged to the legatees. And Mrs. Rattoone, in taking a security in her own name, from her co-executor and his wife, took it merely as a trustee for those to whom it rightfully belonged. The complainant, therefore, cannot file a bill, as executrix, to foreclose a mortgage which she and her husband have given to another person. The proper course is for Mrs. Rattoone to file a bill in her own name, to foreclose the mortgage, if any thing is due threon which I. Law-

Lawrence *v.* Lawrence.

rence was not entitled to retain by virtue of his marital rights as husband of the complainant. And when the amount is collected, it should be paid over to those who are entitled to it under the will of the testator. Or, if the time for the distribution of the fund has not arrived, it should be invested in the joint names of the complainant and of Mrs. Rattoone, as the executrixes to whom letters testamentary were granted in New-Jersey. For it was in the character of an executor, administering the estate of the testator there, that I. Lawrence received the money, for the security of which this mortgage was given.

It does not appear from the bill whether the complainant has any interest in the money for which the bond and mortgage were given. The will and codicils are not set out in the bill, nor is the substance of them stated. And the complainant does not show that she has any interest in the fund as a legatee of her father. The bill only states, in the past tense, that she was a daughter of the testator, and was entitled, by the will and codicils, to a distributory share of his estate, as a legatee. But whether she had received her distributive share of the estate, in the lifetime of her husband, or is now entitled to a portion of the fund, secured by this mortgage, as a legatee thereof for her sole and separate use, is nowhere stated.

If she has an interest in the fund, and Mrs. Rattoone, upon a proper application to her for that purpose, refuses to proceed to foreclose the mortgage for the benefit of the legatees who are interested therein, the complainant and the other legatees may file a bill, showing their respective rights in the fund, and claiming to have the benefit of the mortgage and of a foreclosure thereof. But in that case, Mrs. Rattoone, the mortgagee, and all the legatees who are interested in the fund, must bo made parties to the suit; or the bill must be filed by some of the legatees in behalf of themselves and of all others having an interest in the fund. In her character of executrix of her father, and upon the letters testamentary granted to her in this state, however, Mrs. Lawrence does not appear to have any claim upon the moneys received by her deceased husband, and secured by this mortgage. Nor was she, in that character, en-

titled to any part of the proceeds of the real estate which were brought into the office of the surrogate for distribution.

The decree appealed from is not erroneous; and it must be affirmed with costs.