WILLIAM S. JOHNSON, Respondent, *v.* HAMILTON WALLIS et al., Appellants.

The rule that a foreign executor cannot sue or be sued in this state applies only to claims and liabilities resting wholly upon the representative character, *i. e.*, suits brought upon debts due to or by the testator in his lifetime or based upon some transaction with him; it does not prevent such executor from suing or being sued upon a contract made with him as executor.

Accordingly *held,* that an action was maintainable against foreign executors to compel the specific performance of a contract made by them to assign a judgment belonging to the estate.

(Argued December 20, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made July 23, 1886, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term. (Reported below, 41 Hun, 420.)

The nature of the action and the material facts are stated in the opinion.

*William G. Wilson* for appellants. The court had no jurisdiction over the defendants. (Story on Contracts, § 2 ; Story on Conflict of Laws, §§ 362, 513 ; *Parsons* v. *Lyman,* 20 N. Y. 103 ; *People ex rel. Jefferson* v. *Smith,* 88 id. 576 ; *Hoyt* v. *Comrs. of Taxes,* 23 id. 224 ; *Doolittle* v. *Lewis,* 7 Johns. Ch. 45 ; *Noonan* v. *Bradley,* 9 Wall. 394 ; *In re Webb,* 11 Hun, 124 ; *Campbell* v. *Tousey,* 7 Cow. 64 ; *McNamara* v. *Dwyer,* 7 Paige, 239 ; *Slater* v. *Carroll,* 2 Sandf. Ch. 630 ; *Gulick* v. *Gulick,* 33 Barb. 92 ; *Despard* v. *Churchill,* 53 N. Y. 192 ; *Brown* v. *Knapp,* 79 id. 136 ; *Price* v. *Brown,* 10 Abb. N. C. 63 ; 60 How. Pr. 514 ; *Field* v. *Gibson,* 56 id. 232.)

*Frank C. Lown* for respondents. The court has jurisdiction in this action. (*Campbell* v. *Toucey,* 7 Cow. 64, 67 ; *Gulick* v. *Gulick,* 33 Barb. 92.) Although actions at law may not lie against foreign executors, yet equity actions will, and in equity the courts of this state have jurisdiction over the estates of foreign decedents. (*Field* v. *Gibson,* 56 How. Pr. 232 ; *Price* v. *Brown,* 60 id. 614 ; *McNamara* v. *Dwyer,* 7 Paige, 239 ; *Slater* v. *Carroll,* 2 Sandf. Ch. 584 ; *Despard* v. *Churchill,* 53 N. Y. 192 ; *Brown* v. *Knapp,* 17 Hun, 160 ; *People ex rel. Jefferson* v. *Smith,* 88 id. 580.) When the party who is to make the conveyance is within the jurisdiction of the court and has been served with process, the court may decree the specific performance of a contract to convey lands in another state. (*Sutphen* v. *Fowler,* 9 Paige, 280 ; *Newton* v. *Bronson,* 13 N. Y. 587 ; *Baldwin* v. *Tallmadge,* 39 id. 400.)

FINCH, J. This is an action in equity to compel the specific performance by the vendors of a contract to sell and

assign a judgment recovered by John McAnerney and others, in the Supreme Court of this state, against a corporation known as the Hudson River Iron Company. The judgment was assigned to one Alexander H. Wallis, who was a resident of New Jersey, and died leaving a last will and testament, which has been duly proved in that state, and by which the defendants were appointed executors. They have qualified, and entered upon .the performance of their trust. They thereafter made a written contract with one Jacob Russell, all whose rights have passed to the present plaintiff, to sell and assign to him such judgment for a price to be fixed as follows. The judgment was a lien, or supposed to be a lien, upon certain lands under the waters of the Hudson river, near Poughkeepsie, in this state, and had no value beyond such lien. Arbitrators were chosen to fix the value of one acre of the upland, and that value, multiplied by the number of acres subject to the lien, was to be the purchase-price of the judgment. That value was ascertained, the price tendered and a deed duly demanded, which was refused, and thereupon this action was brought. The plaintiff had judgment which the General Term affirmed, and the defendants appealed to this court.

They rely mainly upon the proposition that as foreign executors they could not sue or be sued in this state, and acquire all their rights from and owe their responsibilities to another jurisdiction. That is the general rule, but in this state at least is confined to claims and liabilities resting wholly upon the representative character. In *Lawrence* v. *Lawrence* (3 Barb. Ch. 74), the rule was declared to be applicable only to suits brought upon debts due to the testator in his lifetime or based upon some transaction with him, and does not prevent a foreign executor from suing in our courts upon a contract made with him as such executor. Of course where he can sue upon such a contract he may be sued upon it. The remedy must run to each party or neither. In the present case the action is not founded upon any transaction with the deceased but upon a contract which the defendants

themselves made. By force of the will and their appointment they became owners of the judgment. Their title, although acquired under the foreign law, was good. In *Peterson* v. *Chemical Bank* (32 N. Y. 21) the foreign executor sold an obligation of the estate and his assignee sued upon it. The action was sustained on the ground that the title of the foreign executor was good and he could transfer it, and while he could not have sued upon it his assignee was not prevented. In this case, therefore, the defendants were owners of the judgment and could lawfully contract for its sale. Having done so they were liable upon that contract, which could be enforced against them because they made it, and it did not derive its existence from any act or dealing of their testator. We agree, therefore, with the courts below that the action could be maintained.

Objection is made that the arbitrators valued the land under water and not the upland. The arbitrators certify that they valued the land per acre lying between the railroad and the river. That was upland and not land under water. While they describe it as eleven and eighth-tenths acres that may be rejected as an immaterial element of the description, and does not establish that their valuation extended to anything but the upland. Taking their whole report together, its fair meaning is that they valued one acre of upland at $25, and so the value of the eleven and eighth-tenths was $295.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.