### BLOOMINGDALE *v.* BOWMAN.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

MORTGAGES—ASSIGNMENT—RIGHT TO BOND SECURED.

> An assignment of a mortgage, without an assignment of the bond which it is given to secure, is a nullity, and gives the assignee no right to recover thereon.

Appeal from special term, New York county.

Action by Phebe N. Bloomingdale against John A. Bowman and others, to recover the amount of a mortgage. Judgment therefor was rendered against Bowman, and he appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*F. C. Cantine,* for appellant.    *I. N. Miller,* for respondent.

VAN BRUNT, P. J.   The facts found by the learned court below are that in 1885 one George D. Baker by deed conveyed to Louis F. Reed, trustee, etc., certain property in New Jersey, and that at the same time Reed, as trustee as aforesaid, to secure to Baker the payment of $8,500, part of the purchase price of said premises, executed and delivered to said Baker a bond conditioned for the payment of the same, and a mortgage as security for the payment of the bond. In November, 1885, Louis F. Reed, as trustee, conveyed the premises above mentioned to John A. Bowman, the defendant, who assumed the payment of the above mortgage. In June, 1886, Baker assigned, under his hand and seal, the said mortgage to the plaintiff, but did not assign the bond therein recited and referred to. The plaintiff commenced this action to recover the amount of said mortgage from the defendant as grantee of Reed; and in the court below judgment was rendered in favor of the plaintiff, and from such judgment this appeal is taken.

We do not see how the judgment in question can be maintained. By the assumption clause contained in the deed to Bowman, if such deed was executed by him, he became liable to the owner of the mortgage debt for the amount of this mortgage. And by the transfer of the mortgage alone, unaccompanied by the bond, the plaintiff did not become the owner of the mort-

gage debt.   It is a well-settled rule that collaterals cannot be separated from the principal debt; and it has been distinctly held by the court of appeals in the case of *Merritt* v. *Bartholick*, 36 N. Y. 44, that the transfer of a mortgage without the transfer of the debt is a nullity.   It hardly needs the citation of authority to support this proposition.   That a mortgage is a mere incident to the bond has long been recognized by the courts, and the impossibility of conveying any title thereto independent of the bond well recognized.   If such were not the fact, we would have the obligor of a bond, and the mortgagor in a mortgage to secure the payment of this bond, obligated to two persons to pay the same debt.   As the bond is the principal security, and the mortgage is a mere incident annexed to the bond, it is clear that the mortgage cannot be separated therefrom, and a title thereto conveyed.   For these reasons the judgment must be reversed, and a new trial ordered, with costs to appellant, to abide event.   All concur.