## LEE et al. v. TERBELL et al.

*(Circuit Court, S. D. New York. October 5, 1889.)*

ACTION—WHO MAY MAINTAIN.

> Special commissioners, appointed by a state court to sell mortgaged premises under foreclosure, and authorized to receive purchase-money bonds in part payment thereof, can maintain an action in the federal circuit court sitting in another state upon such bonds executed to them in their official capacity, without ancillary appointment in that state.

At Law. On motion for new trial. For opinion on demurrer to complaint, see 33 Fed. Rep. 850.

*John T. Mason* and *H. O. Cloughton*, for plaintiffs.

*Joseph H. Choute* and *John Winslow*, for defendants.

WALLACE, J. The only question which it seems necessary to consider upon this motion for a new trial is whether the plaintiffs, as special commissioners appointed by the circuit court of the city of Richmond, Va., to sell mortgaged premises under a decree in a mortgage foreclosure suit, and authorized to receive the bonds of the purchaser in part payment, can maintain an action in this court upon the bonds given to them as such special commissioners. The promise by the defendants, in the bonds, is to the plaintiffs " as special commissioners in the cause," etc. The general rule is familiar that a suit in another state cannot be maintained by persons coming *en autre droit* under the appointment of foreign laws, unless their appointments are repeated under the laws of the state in which they sue. But where, as here, the contract sought to be enforced is made directly to the persons who sue, although they are described in their official characters, it would seem that the suit can be brought by such persons in a foreign jurisdiction in their own names, without the addition of their official character, and that the *descriptio personæ* may be rejected as mere surplusage. *Buffum* v. *Chadwick*, 8 Mass. 103; *Kane* v. *Paul*, 14 Pet. 33. However this may be, the plaintiffs can sue here upon the promise made to them, just as a foreign executor could sue in such a case without an ancillary appointment here. *Talmage* v. *Chapel*, 16 Mass. 71; *Lawrence* v. *Lawrence*, 3 Barb. Ch. 74; *Johnson* v. *Wallis*, 112 N. Y. 230, 19 N. E. Rep. 653; *Barton* v. *Higgins*, 41 Md. 539; *Barrett* v. *Barrett*, 8 Me. 346. The case of *Wilkinson* v. *Culver*, 23 Blatchf. 416, 25 Fed. Rep. 639, fully sustains the right of the plaintiffs to sue here. The motion for a new trial is denied.