(13 App. Div. 325.)
## FLANDROW v. HAMMOND.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

EXECUTORS AND ADMINISTRATORS—FOREIGN EXECUTOR—RIGHT TO SUE.

　　A foreign executor cannot sue or be sued in his representative capacity in the courts of New York, and therefore cannot have an action therein against his testator revived and continued against himself.

Appeal from special term, New York county.

Action by William H. Flandrow against Henry B. Hammond, in which there was a judgment for plaintiff. From an order granting the motion of Elenore B. Hammond, as executrix of the will of defendant, to revive and continue the action, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Abram Kling, for appellant.
Nelson S. Spencer, for respondent.

WILLIAMS, J. This action was brought to recover the consideration paid for a judgment transferred by defendant to plaintiff, to which judgment defendant had no title. The answer was, in substance, a general denial. A judgment was recovered in the action against the defendant. Before the time to appeal had expired, the defendant died, and the executrix was appointed in the state of Massachusetts. No ancillary letters were granted in this state. The foreign executrix thereupon made the motion, resulting in the order appealed from.

We think the order was erroneously granted. The general rule is well settled that a foreign executor cannot sue or be sued, purely in his representative capacity, in the courts of this state. In re Webb, 11 Hun, 124; Vermilya v. Beatty, 6 Barb. 429; Field v. Gibson, 20 Hun, 274; Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457; Johnson v. Wallis, 112 N. Y. 230, 19 N. E. 653; Doolittle v. Lewis, 7 Johns. Ch. 45; Petersen v. Bank, 32 N. Y. 21; Lawrence v. Lawrence, 3 Barb. Ch. 74. It will not do to say that a foreign executor may sue or defend in this state if he voluntarily submits himself to the jurisdiction of our courts, because the rule is that he may no more sue than be sued in our courts. He would certainly submit himself to such jurisdiction if he were to bring a suit here, but this he cannot do by reason of this well-settled rule.

In Hopper v. Hopper, 125 N. Y. 400, 402, 403, 26 N. E. 457, it was said:

　　"By the phrase 'foreign executor' the courts never meant the mere nonresidence of the individual holding the office, but the foreign origin of the representative character. That is the sole product of the foreign law, and, depending upon it for existence, cannot pass beyond the jurisdiction of the origin. The individual may come here, and acquire rights or incur liabilities which our tribunals will defend or enforce; but he can have no representative rights or liabilities, since we recognize in him no representative character. The foreign executor may make a contract here which our courts will compel him to perform, because it is his contract; but, where it is the testator's only, he cannot sue or be sued

upon it, since the right or character is purely representative, and exists only by force of the official character, and so cannot pass beyond the jurisdiction which gave it. Johnson v. Wallis, 112 N. Y. 230, 19 N. E. 653."

And in the latter case it was said:

"They [the defendants] rely mainly upon the proposition that, as foreign executors, they could not sue or be sued in this state, and acquire all their rights from, and owe their responsibilities to, another jurisdiction. That is the general rule; but, in this state at least, it is confined to claims and liabilities resting wholly upon the representative character. In Lawrence v. Lawrence, 3 Barb. Ch. 74, the rule was declared only to be applicable to suits brought upon debts due to the testator during his lifetime, or based upon some transaction with him, and does not prevent a foreign executor from suing in our courts upon a contract made with him as such executor. Of course, where he can sue upon such a contract, he may be sued upon it. The remedy must run to each party, or neither."

In Lawrence v. Lawrence, supra, the action was brought by the foreign executor, to foreclose a mortgage given to a co-executor after the death of his testator; and it was said:

"As a general rule, a foreign executor is not entitled to sue in our courts. * * * This rule, however, is only applicable to suits brought by executors for debts due to the testator, or where the foundation of the suit is based upon some transaction with the testator during his lifetime; and it does not prevent a foreign executor from suing in our courts upon a contract made with him as such executor."

In this case the executrix asked to be made a party in her purely representative capacity, the subject-matter of the suit being a transaction had with the testator in his lifetime. Under the rule we have stated, she cannot be a party, either plaintiff or defendant, in the action.

It is said letters ancillary in this state cannot be issued because there is no property of the estate here, and therefore the estate will be without remedy to review the judgment in this case, if the rule we have stated is applicable here. The appellant seeks to answer this by the suggestion that property of the estate might be brought here, so as to confer jurisdiction upon our courts to grant letters ancillary, if the executrix is inclined to bring such property here. Without passing upon the question which might arise in case this were done, it is sufficient to say that there is nothing in the present record to vary the long-settled and established rule to which reference has been made; and that rule cannot be disregarded for the purposes of any particular case.

The order was clearly unauthorized, and must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(12 App. Div. 346.)

In re LEVY.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. TRUSTS—REFERENCE—AUTHORITY TO EXAMINE WITNESSES.

On the appointment of a successor for a deceased trustee, pursuant to Laws 1882, c. 185, § 1, which vests the trust in the supreme court on the trustee's death, a referee was appointed, without objection being made, and to him all persons holding any part of the trust estate were required to ac-