AMERICAN TRUST COMPANY *vs.* EUGENE HOLTSINGER & others.

Suffolk.   December 7, 1916. — January 24, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Pledge. Equity Jurisdiction,* To foreclose pledge of right in equity, *Remedy at law. Jurisdiction. Equity Pleading and Practice. Bill.*

In reorganization of a foreign corporation, holders of bonds issued by it and secured by a mortgage of real estate owned by it assigned and delivered their bonds to a reorganization committee in trust to carry out the terms of the reorganization plan and the committee upon receipt of the bonds issued to each bondholder a certificate of deposit in which they agreed that, " Upon said Reorganization Plan being completed," the depositor " or . . . assigns shall be entitled to the securities issued according to " the plan " upon return of this certificate duly indorsed by the holder thereof or . . . assignee." The plan did not contemplate a return of the deposited bonds nor set a time during which the committee should act and the trust continue. A United States District Court had appointed a receiver who was in possession of the property of the foreign corporation. A Massachusetts holder of such a certificate of deposit delivered it to a Massachusetts bank as collateral security for a negotiable promissory note. Upon default in payment of interest upon the note, the bank brought a bill in equity for a foreclosure by a sale of the certificate and an application of the proceeds of the sale. The defendants demurred. *Held,* that the pledge was not restricted to the legal interest of the pledgor in the certificate as a chattel, that the transfer of the certificate as security for the note created an equitable pledge of the pledgor's right in equity to compel the performance of the obligation arising out of the certificate, and that the suit might be maintained.

It *also was held* that, the surrender of the certificate above described being a con-

dition precedent to a right of enforcement in equity of the obligation arising out of it, the *situs* of that right was with the pledgee.

*Whether*, in this Commonwealth under R. L. c. 159, § 1, jurisdiction in equity will be assumed of a suit to foreclose a pledge of personal property, or it will be refused, in the absence of special circumstances, where there is a statutory remedy which is plain, adequate and complete, was not determined in this case where the statutory remedy was not plain, adequate and complete.

It *also was held* that the fact that a note, to secure which the certificate above described was pledged, contained a provision that, upon default in payment of principal or interest of the note when due, the holder might sell it without notice at any broker's board or at public auction or private sale, did not preclude the plaintiff from seeking to foreclose by a suit in equity.

A bill in equity should not be dismissed, upon a demurrer, merely because it asks for more relief than the court upon a final hearing may adjudge that the plaintiff is entitled to.

BILL IN EQUITY, filed in the Superior Court on July 15, 1916, by the American Trust Company, a Massachusetts corporation, against Eugene Holtsinger of Tampa, Florida, William H. Tylee of Boston, Swann and Holtsinger Company and Bay Shore Realty Company, Florida corporations, Charles M. Knott of Tampa, receiver of the property of the Florida corporations appointed by the United States District Court for the Southern District of Florida, the Mechanics National Bank, having its usual place of business in Worcester in this Commonwealth, and George P. Raney of Tampa "as trustee or as receiver appointed by said United States District Court."

The material allegations of the bill were that the plaintiff was the holder of a collateral security note, containing the provisions described below, signed by the defendants Holtsinger, Tylee and Swann and Holtsinger Company, for $79,000 dated July 1, 1915, payable to the plaintiff in three years, bearing interest payable quarterly; and that there had been default in payment of two quarters' interest.

Among other provisions of the note as to the security were the following: "full power and authority is hereby given on the non-performance of this agreement or on the non-payment of this or any other such liability, or at any time or times thereafter, to sell, assign, transfer and deliver said property or any property added to or substituted for the same or any part thereof, at any Broker's Board or at public auction or private sale, without notice to the undersigned or any other person; and the said Trust Company or any of its officers may become purchasers at any such sale,

if at public auction or Broker's Board; and any property substituted for the above, or added thereto, shall be equally covered by this agreement. . . . After deducting all legal or other costs and expenses of collection, sale and delivery, and all expenses incurred in protecting the collateral the residue of the proceeds of any sale or sales may be applied to the payment of this note or of any then existing liability of the undersigned to said Trust Company, whether then payable or not, returning the overplus to the undersigned; and in case of deficiency we agree to pay to the said Trust Company the amount thereof forthwith, after such sale, with interest."

The collateral securities of the note were the certificates, issued by the First Savings and Trust Company of Tampa, of deposit of bonds of the Wauchula Manufacturing and Timber Company of the face value of $108,000, described in the opinion.

The prayers of the bill, beside those for costs and for general relief, were as follows:

"(1) That its claim against the defendants Eugene Holtsinger, William H. Tylee, and Swann and Holtsinger Company for the full amount of the note less the credit of $4,188.67 together with interest may be established.

"(2) That the court order the certificates of deposit held by the plaintiff as collateral or any property added to or substituted for the same during the pendency of this proceeding to be sold and the proceeds applied to the plaintiff's note.

"(3) That the court direct the manner and method of sale and if desirable appoint a special master for the purpose of making said sale.

"(4) That in case the proceeds of the sale should more than suffice to pay the balance due on the plaintiff's note with interest and costs the court will direct the proper disposal of the surplus, and in case the proceeds of the sale shall be less than sufficient to pay the balance due on the plaintiff's note the court will, after applying such proceeds less the proper expenses as provided in said note, determine the balance still due on said note."

The defendants Holtsinger, Knott, receiver, and the two Florida corporations, demurred upon the following grounds:

"1. That it appearing that the bonds referred to in the bill of complaint as appears from the copy of the certificates of deposit

annexed to the bill of complaint are in the possession of the First Savings and Trust Company of Tampa in the State of Florida under the reorganization plan which is not yet consummated this court has no jurisdiction to order a sale of certificates of deposit of said bonds.

"2. That it appearing from the bill of complaint that the affairs and assets of the defendants Swann and Holtsinger Company are in the custody of the United States District Court for the Southern District of Florida through a receiver appointed by said court this court has no jurisdiction over said property or any interest of the said Swann and Holtsinger Company therein as prayed for in said bill of complaint.

"3. That upon the allegations of the bill of complaint the plaintiff has a plain, complete and adequate remedy at law and that there is no equity stated in the bill entitling the plaintiff to relief in this court.

"4. That the plaintiff has not stated in its bill such a cause as entitles it to any relief in equity against the defendants or any of them."

The demurrer was heard by *Jenney,* J., and by his order an interlocutory decree was entered overruling it. At the request of the parties, and because he was of the opinion that his ruling and decree so affected the merits of the controversy that the questions ought to be determined before further proceedings in the suit, the judge reported the case for determination by this court of all questions involved in his ruling and the interlocutory decree overruling the demurrer.

*W. A. Rollins,* for the plaintiff.

*F. L. Simpson,* for the defendants.

PIERCE, J. The several certificates of deposit issued by the First Savings and Trust Company of Tampa to the depositors of bonds, deposited in pursuance of an agreement and plan for the reorganization of the Wauchula Manufacturing and Timber Company, provided that "Upon said Reorganization Plan being completed" the depositor "or its assigns shall be entitled to the securities issued according to, and in pursuance of, said Plan, upon return of this Certificate duly indorsed by the holder thereof or its assignee." Under the plan "The Committee is hereby vested, under the terms of this agreement as Trustee of an express

trust, with the legal title to all the bonds, . . . . which may be deposited under this agreement, and the depositors thereof hereby assign and transfer the same to the Committee." "Said Reorganization Committee will cause . . . issues of bonds of said new corporation to be disposed of as follows: (a) — To the holders of the present outstanding first mortgage bonds of the Wauchula Manufacturing and Timber Company . . . a like amount of said first mortgage bonds of said new corporation to be formed."

The plan does not contemplate the return of the deposited bonds nor mark any period of time for the duration of the reorganization committee or the termination of the trust.

On deposit of the bonds and the transfer of the legal title thereto to the reorganization committee as trustee, the holder and depositor acquired in exchange a negotiable certificate of deposit, one of the incidents of which was a right to compel performance in equity of the requirements of the terms of the certificate.

One of these terms was the delivery at the appropriate time to the certificate holders of certain securities of the reorganized company. *Montgomery* v. *McDermott,* 103 Fed. Rep. 801, 806.

It is plain that it was the intention that these certificates of deposit, when pledged as collateral security for the defendants' promissory note, should create an equitable pledge of the owner's right in equity to compel the performance of the obligation arising out of the certificate. And it is equally plain that the pledge was not restricted to the legal interest of the pledgor in the certificates as chattels. *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425. *Taft* v. *Bowker,* 132 Mass. 277. The *situs* of this right is with the pledgee because the performance of the obligation is conditional on the surrender of the certificates of deposit, and because the presence of the certificates gave value to the right.

The facts of this case do not require a decision whether the courts of equity of this Commonwealth under R. L. c. 159, § 1, will assume jurisdiction to foreclose a pledge of personal property according to the general principles of equity jurisprudence or whether they will refuse to do so, in the absence of special circumstances, where there is a statutory remedy which is plain, adequate and complete. It is provided expressly by R. L. c. 198, § 10, that the two preceding sections shall not limit the right of the pledgee to avail himself of other rights. See *Wheeler* v. *Newbould,* 16 N. Y.

392, 396, 397; *White River Savings Bank* v. *Capital Savings Bank & Trust Co.* 77 Vt. 123, 131; *Morrissey* v. *Broomal*, 37 Neb. 766; *Montgomery* v. *McDermott*, 103 Fed. Rep. 801, 806. The power of sale contained in the collateral note if exercised would not carry with it that certitude of a reasonably unimpeachable and indefeasible title that inheres as an attribute of a judicial sale, or is imputed to the conclusiveness of a judicial decree.

We are of opinion that the plaintiff had the right to resort to a court of equity upon the failure of the maker of the note to pay the interest as it became due, notwithstanding the fact that the collateral note contains a power of sale of the security. 2 Kent, Com. 581, 582, 583.

The contention that the court is without jurisdiction because the *res* is without the Commonwealth, would be unanswerable if the decree of foreclosure attempted to control or to direct the performance of the obligation, *res*, or did more than to sell the equitable right of the pledgor through the sale of the tangible *indicia* of that right within the Commonwealth. See *Donohoe* v. *Gamble*, 38 Cal. 340, 354.

The bill should not be dismissed because it asks for more relief than the court on final hearing may adjudge the plaintiff entitled to. *Nudd* v. *Powers*, 136 Mass. 273. *Ginn* v. *Almy*, 212 Mass. 486, 493.

*Demurrer overruled.*