DANIEL P. OSTERLING, Doing Business as COLUMBIA STONE COMPANY, Plaintiff, *v*. ADELAIDE H. C. FRICK, HELEN C. FRICK, CHILDS FRICK, HENRY C. McELDOWNEY, and WILLIAM WATSON SMITH, as Executors of the Last Will and Testament of HENRY C. FRICK, Deceased, Defendants.

(Supreme Court, New York Special Term, July, 1921.)

Executors and administrators — when foreign executor may not be sued in New York state — contracts.

In an action brought by a non-resident of the state of New York against a foreign executor for breach of a New York contract made by his testator, a motion by defendant, who appeared specially, to set aside the service of the summons, will be granted on the ground that it was not made to appear that the action came within the exceptions to the general rule that a foreign executor, as such, may not be sued in this state.

MOTION to set aside service of a summons.

Joseph E. Greenberg, for plaintiff.

Guthrie, Bangs & Van Sinderen (William D. Guthrie, of counsel), appearing specially for Childs Frick, as executor.

FINCH, J. This is a motion upon a special appearance by a foreign executor to set aside the service of a summons.

The moving party alleges that he is a foreign executor under a will probated in Pennsylvania and the plaintiff, a non-resident of New York, is suing him *in personam* for the breach of a contract made in New York. Both in this country and in England it is settled as a general rule that a foreign executor may not be sued as such. Dicey's Conflict of Laws (2d ed.), 451; *Hopper* v. *Hopper,* 125 N. Y. 400. It is the foreign representative character against which the action is not allowed to proceed, and the residence or non-residence of the person who at the time is clothed with the representative character is not material. As was said in *Hopper* v. *Hopper, supra:* " By the phrase ' foreign executor ' the courts never mean the mere non-residence of the individual holding the office, but the foreign origin of the representative character. That is the sole product of the foreign law, and, depending upon it for existence, cannot pass beyond the jurisdiction of its origin. The individual may come here and acquire rights or incur liabilities which our tribunals will defend or enforce, but he can have no representative rights or liabilities since we recognize in him no representative character. The foreign executor may make a contract here which our courts will compel him to perform because it is his contract, but where it is the testator's only he cannot sue or be sued upon it, since the right or the liability is purely representative and exists only by force of the official character, and so,

cannot pass beyond the jurisdiction which gave it. (*Johnson* v. *Wallis*, 112 N. Y. 230.) And thus it is not the residence of the executor out of the state which makes him a foreign executor, but the creation of his official character under and by force of a law foreign to our own.'' There is a limited class of cases where the courts of this state have held, as an exception to the rule, that jurisdiction exists over a suit against a foreign administrator. As pointed out in *Helme* v. *Buckelew*, 229 N. Y. 363, 368: '' It was limited to cases where a failure of justice would follow if equity withheld relief. Either the foreign representative by a *devastavit* or other tort had put himself in the position of an individual wrongdoer (Dicey's Conflict of Laws, 2d ed. 451) or there was a *res* within the jurisdiction to be disposed of or preserved. (*Holmes* v. *Camp*, 219 N. Y. 372.)'' A typical example of a case where equity would entertain jurisdiction to prevent a failure of justice is *McNamara* v. *Dwyer*, 7 Paige, 239, where a foreign administrator was compelled to account for funds which he had converted and brought into the state, but it is to be noted that even in such case, the remedy was to be applied in accordance with the laws of the jurisdiction of origin.

The plaintiff states: '' The plaintiff has verified the complaint quite some time ago and it has been in the possession of deponent during the interim,'' and then without producing or annexing a copy of the complaint, the plaintiff continues: '' The plaintiff merely states at this time that the same (*i. e.*, the plaintiff's cause of action) is founded upon a contract made between the plaintiff and Henry C. Frick in the State of New York, and that the action is a representative one brought on the equity side of the Court, to sequester the assets of the decedent within the State of New York, for creditors who prove claims, and not an action at law in personam, as alleged in the moving

papers.'' The plaintiff thus shows that he has it within his power to show the cause of action that he has but instead of doing this contents himself with setting forth his conclusions in the place of the facts. It must be held, therefore, that the plaintiff has failed to show when called upon by this motion so to do that his action falls within the exception to the general rule.

The plaintiff urges, however, that as a matter of practice the defendant may not seek relief by means of this motion, and, *secondly,* that section 1836a of the Code of Civil Procedure permits a foreign executor to be sued generally. Both of these points have been decided contrary to the contention of the plaintiff. *Helme* v. *Buckelew, supra.*

It follows that the motion is granted, with ten dollars costs.

Ordered accordingly.