In the Matter of the Estate of JOHN FRANK DeBAUN, Deceased.

Surrogate's Court, Kings County, February 11, 1937.

*McLaughlin & Stern,* for the executors, petitioners.

WINGATE, S. The question presented in this proceeding concerns the jurisdiction of the surrogate of Kings county to issue ancillary letters executory upon a will which has been duly admitted to probate by the surrogate of Bergen county, State of New Jersey, which was the domiciliary jurisdiction. The only asset attributable to the State of New York is a bond executed by certain individuals who reside and have their place of business in the county of Kings. This bond is secured by a mortgage upon certain real property located in the county of Queens. The obligors are alleged to have defaulted on the bond, and the purpose of the applicants in seeking letters in this State is to enable them to institute a foreclosure proceeding in the Supreme Court of Queens county.

It is a familiar legal principle that the extent, if any, of local recognition of foreign fiduciary appointment is a matter solely determinable in accordance with the dictates of local policy. (*Vaughan* v. *Northrup,* 15 Pet. [U. S.] 1, 5; *Thorburn* v. *Gates,* 184 App. Div. 443, 444.) At common law a suit at law was ordinarily not maintainable by or against a foreign fiduciary in his representative capacity (*Hopper* v. *Hopper,* 125 N. Y. 400, 403; *Helme* v. *Buckelew,* 229 id. 363, 365), but an action in equity against such an individual was sometimes permitted. (*Johnson* v. *Wallis,* 112 N. Y. 230, 232; *DeCoppet* v. *Cone,* 199 id. 56, 61; *Field* v. *Gibson,* 20 Hun, 274, 276; *Lockwood* v. *Brantly,* 31 id. 155, 157.)

The policy of this State as embodied in this common-law doctrine was temporarily reversed by the enactment of section 1836-a of the Code of Civil Procedure (Laws of 1911, chap. 631) which purported to permit local suit by or against a foreign executor or administrator provided duly authenticated copies of his letters were filed within a specified time in the office of the clerk of the court in which the action was pending. This enactment was continued in section 160 of the Decedent Estate Law (Laws of 1920, chap. 919) until 1926, when it was summarily repealed (Laws of 1926, chap. 660). As a result, the entire subject is presumably

remitted to its common-law status in consequence of which a suit by a foreign executor or administrator is not permissible in the absence of the award of ancillary authority to him by a local tribunal.

Any question of jurisdiction of a particular court to act in any given situation has, as its primary, theoretical, basis of solution the power of the particular tribunal to enforce the judgment or decree which it may render. Such ability may result either by reason of the possibility of its action *in personam* against the individuals sued, or *in rem* against some object or thing which the suitor is seeking to subject to his alleged rights. The ordinary litigation envisaging the recovery of a money judgment is a familiar example of the former, while an action in replevin is the perfect instance of the latter. In both, the primary jurisdiction is that of the court within whose territory the person or thing is located against whom or which the action or proceeding is directed.

In the application of this theoretical principle, no serious difficulty is encountered save in respect to rights in items of tangible personal property which are by their nature readily movable from place to place. In this connection the rule of most frequent enunciation accords jurisdiction to the court within whose territory the object is located at the time the suit is instituted. (Beale Conflict of Laws, § 102.1.)

The ultimate refinement of this rule is that which is applied to commercial paper. Obviously, as Professor Beale points out (Beale Conflict of Laws, § 52.1), " a written paper is a tangible thing and therefore subject to the jurisdiction of the State in which it is." (The same consideration is of course present when the question of jurisdiction is between two subdivisions of the same State.) Equally obviously, whereas such a document is a tangible object and thus conceivably forming the basis for jurisdiction *in rem*, it may be a chose in action evidencing rights *in personam* against particular individuals. These opposing aspects have given rise to diverse determinations, some holding that the location of the particular document alone confers jurisdiction (*Stanford* v. *Stanford*, 87 N. J. Eq. 475; 101 A. 388; *Brimberg* v. *Hartenfeld Bag Co.*, 89 N. J. Eq. 425; 105 A. 68; *State ex rel. Bowling Green Trust Co.* v. *Barnett*, 245 Mo. 99; 149 S. W. 311; *American Trust Co.* v. *Holtsinger*, 226 Mass. 30; 114 N. E. 956; *Bank of Jasper* v. *First Nat. Bank*, 258 U. S. 112), while others adopt the opposite view (*Cocke* v. *Brewer*, 68 Miss. 775; *Seligmann* v. *Mills*, 25 F. [2d] 807). The general application of the rule that jurisdiction inheres when the instrument is present in a given locality is, however, largely limited to instruments which are by nature negotiable or quasi-negotiable in nature. (Cf. Beale Conflict of Laws, § 103.1.)

In connection with the jurisdiction of the Surrogates' Courts of this State, the Legislature has wisely resolved this extremely controversial question by positive enactment. This is presently found in section 47 of the Surrogate's Court Act which has existed in its present form, so far as here material, since the enactment of section 2478 of the old Code in 1881, being continued in section 2517 of the later Code.

" For the purpose of conferring jurisdiction upon a Surrogate's Court, a debt owing to a decedent by a resident of the State  *  *  * is regarded as personal property situated within the county where the debtor, or either of two or more joint debtors,  *  *  * resides.  *  *  *  But the foregoing provision does not apply to a debt evidenced by a bond, promissory note, or other instrument for the payment of money only, *in terms negotiable or payable to the bearer or holder.* Such a debt, whether the debtor is a resident or a non-resident of the State, or a foreign or a domestic government, State, county, public officer, association, or corporation, is, for the purpose of so conferring jurisdiction, regarded as personal property at the place where the bond, note or other instrument is, either within or without the State." (Italics not in original.)

The foregoing review of the general law and the conflicting positions taken by different courts on the subject renders it obvious that the Legislature by the insertion in the enactment of the words which have been italicized in the quotation of its terms intended to limit the doctrine of jurisdiction by reason of situs of a document, to those instruments which were negotiable or quasi-negotiable in form; in other words, to those which were transferable by indorsement or delivery only, as distinguished from assignment (*Matter of Goodchild*, 160 Misc. 738, 754) and to base jurisdiction in all other cases upon the contingency of residence of the obligor, thus conforming the law in this regard to the more generally accepted and better reasoned view and reversing by legislative fiat the prior pronouncement of the Court of Appeals in *Beers* v. *Shannon* (73 N. Y. 292, 299), decided in 1878.

In the case of the ordinary personal bond secured by mortgage, the bond is axiomatically the principal obligation to which the mortgage is merely an incident as security for its performance (*Merritt* v. *Bartholick*, 36 N. Y. 44, 45; *Cooper* v. *Newland*, 17 Abb. Pr. 342, 344; *Bloomingdale* v. *Bowman*, 4 N. Y. Supp. 60, 61; reported by memorandum only, 51 Hun, 639); it is not " in terms negotiable or payable to the bearer or holder " within the language of the statute and it is not transferable by delivery or indorsement, but merely by assignment. (*Westbrook* v. *Gleason*, 79 N. Y. 23, 29; *Davin* v. *Isman*, 228 N. Y. 1, 7, 8.)

It follows in the case at bar that the exception in the statute is not applicable to the present bond and that jurisdiction to award letters is vested in the court of the county in which the obligors reside. Since all are resident in Kings county, it follows that this court possesses the requisite jurisdiction and that the application for the award of ancillary letters should be granted.

Proceed in conformity herewith.