JOHN R. NORTH et al., Executors of JOHN RINGLING, Deceased, et al., as Stockholders of Ringling Bros.-Barnum & Bailey Combined Shows, Inc., Suing on Behalf of Themselves and All Stockholders Similarly Situated, and on Behalf of RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., Plaintiffs, *v.* ROBERT E. RINGLING et al., Defendants.

Supreme Court, Special Term, New York County, June 27, 1946.

*Dan Gordon Judge* and *Bernard D. Lauren* for Robert E. Ringling and others, defendants.

*Charles H. Tuttle* for Aubrey B. Haley, defendant.

*Mortimer Hays* and *Abraham Porter* for plaintiffs.

PECORA, J.  This is a derivative action brought by owners of 37% of the stock of a corporation against officers and directors thereof.  The complaint alleges two causes of action.  The first cause, after alleging ownership of stock and the relationship of the parties to the corporation, follows with allegations that the corporation operates a circus and gives exhibitions in many large cities which are attended by thousands of spectators. The complaint then describes the physical conditions attending circus performances and alleges that the assemblage of many thousands of persons during performances creates serious hazards to life and property in the event of fire and other contingencies, which hazards require observance of precautions and safeguards.  The particular safeguards necessitated are then set forth.  It is then alleged that defendants knew that failure to exercise such precautions would, in the event of an emergency, result in serious damage to the corporation.  Plaintiffs continue with specifications of defendants' failure to observe the necessary precautions and to exercise due care and prudence, such as engaging insufficient personnel, overloading employees, not providing adequate fire prevention and fire extinguishing materials and facilities, employing an incompetent general manager, etc.  The complaint further alleges full knowledge of defendants as to the conditions therein described. Then the first cause continues with allegations of the occurrence of the much publicized fire in Hartford, Connecticut, on July 6, 1944, and as to the causes thereof.  It is charged that defendants permitted the conditions to exist which prevailed at the time of the fire.  The complaint then sets forth the consequences flowing from the fire, such as the criminal proceedings against employees and executives of the corporation, the pleas of *nolo contendere,* the imposition of a fine, liability for deaths and injuries occurring in the fire, the arbitration agreement as to such claims, and the liability of the corporation for costs, expenses and fees in connection with the various proceedings resulting from the fire.  These matters are pleaded as direct and proximate consequences of defendants' failure to exercise due care and prudence.  Plaintiffs then ask for indemnification to the corporation for the losses so sustained.

The second cause of action sets forth alleged acts of waste of corporate assets for the purpose of benefiting one of the individual defendants, Haley, in the criminal proceedings at the expense of the corporation, the payment of corporate funds for counsel fees and expenses of the said Haley, the taking of the circus on a tour, which resulted in losses, for the purpose of influencing public opinion, etc. The relief prayed for is for an accounting for damages and profits by reason of defendants' breaches of duty.

Defendants now move to dismiss the complaint upon a number of grounds. It is first urged that the complaint should be dismissed upon the ground that jurisdiction will not be asserted by the New York courts over the parties and subject matter of the suit. In other words, that this court, in the proper exercise of its discretion, should decline to assume jurisdiction of the action under the doctrine of *forum non conveniens*. The corporation is a Delaware corporation, licensed to do business in New York and other States. It maintains winter quarters in Florida. The destructive fire which forms the basis for the damages claimed occurred in Connecticut. Defendants contend that considerations of hardship require that this cause be prosecuted in Florida, where the winter quarters are maintained. The hardship argument is not impressive here, both because the hardship would not be great, and because under the doctrine of *forum non conveniens* this cause is properly here or must be prosecuted in the State of incorporation, which is Delaware. The sole question remaining on this point is whether New York should retain jurisdiction or whether the forum should be Delaware.

Derivative stockholders' actions can properly be brought in a State other than the domicile of the corporation (*Miller* v. *Quincy*, 179 N. Y. 294; *Goldstein* v. *Lightner*, 266 App. Div. 357, affd. 292 N. Y. 670). Where the object of the suit is to interfere with or control the internal affairs of a corporation, jurisdiction will be declined (*Sternfeld* v. *Toxaway Tanning Co.*, 290 N. Y. 294; *Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102). However, the instant suit does not fall within the category of an action which seeks to interfere with the internal affairs of a corporation; it seeks damages for breach of defendants' duties as directors and officers in wasting corporate assets. As such the court must retain jurisdiction (*Goldstein* v. *Lightner*, *supra*). The charge that plaintiffs' underlying motive is to gain control of the corporation, even if true, would not change the nature of the causes of action pleaded. Thus, upon all

grounds of " convenience or of efficiency or of justice ", the court denies the motion to decline jurisdiction.

Defendants move to dismiss the complaint, as against the executors of John Ringling, deceased, on the ground that they have not the legal capacity to sue. According to the complaint, the will of John Ringling, deceased, was probated in Florida, and the two executors have qualified there. It is not alleged that ancillary letters were granted in New York. Ordinarily a foreign executor has no standing in our courts unless he has first obtained ancillary letters (*Helme* v. *Buckelew,* 229 N. Y. 363; *Kirkbride* v. *Van Note,* 275 N. Y. 244). However, there are exceptions to this rule, particularly where a failure of justice would follow if relief were withheld. The reason for the general rule, namely, to prevent removal from the State of local assets and thus to protect domestic creditors, does not apply here. Any recovery in this action is for the benefit of the corporation, not the plaintiffs or the estate. Furthermore, the doctrine relating to the incapacity of a foreign executor is limited to those cases where the suit may only be maintained in a representative capacity. It applies only where the foreign executor *must* sue in a representative capacity. The cause of action must belong to the decedent (see *Johnson* v. *Wallis,* 112 N. Y. 230; *T. G. T. Co.* v. *C. B. & Q. R.R. Co.,* 123 N. Y. 37). In the case at bar the cause of action arose many years after the death of the stockholder. Ownership of the stock by the executors gives them the right to sue in an individual or representative capacity. Consequently, this presents an exception to the general rule, and defendants' motion to dismiss upon the ground of incapacity must be denied.

As to the motion to dismiss the complaint for insufficiency, defendants primarily contend that an accounting action will only lie as to illegal benefits or property withheld. While there may be merit in this argument, it must be pointed out that the demand for an accounting is merely the relief asked, and if such relief is improper, but the complaint contains allegations sufficient to present a cause of action in equity, the complaint will not be dismissed. Since this is a derivative action, it must be brought in equity. Perhaps if the corporation itself brought the suit it would have to be an action at law. Since the action is an equitable one, the demand for relief will not destroy the sufficiency of the complaint. Appropriate relief will be determined after the trial.

It would unduly prolong this opinion to discuss fully the question of the sufficiency of the complaint to state causes of

action. A summary of the allegations is given hereinabove. Both causes of action sufficiently allege facts to show a dereliction of duty and consequent damage to the corporation. As to the application of the " business judgment " rule, since negligence is charged, whether or not defendants may be exculpated because of the exercise of an honest judgment, cannot be determined from the face of the complaint. Only when the facts are developed can an appropriate conclusion be reached on this contention. The motion to dismiss the complaint for insufficiency is denied.

Finally, defendants move to strike out certain allegations under rule 103 of the Rules of Civil Practice and section 241 of the Civil Practice Act. It cannot be said that the matter sought to be stricken is irrelevant or that defendants will be seriously prejudiced unless it is eliminated. The motion in this respect is also denied.

Settle order accordingly.