## KRUSKAL et al. v. UNITED STATES.
### No. 105, Docket 21481.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1949.

Decided Jan. 4, 1950.

Emil V. Pilz, of New York City (Nevius, Brett & Kellogg and Asa B. Kellogg, all of New York City, on the brief), for plaintiffs-appellants.

John B. Creegan, Asst. U. S. Atty., of New York City (Irving H. Saypol, U. S. Atty., of New York City, on the brief), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal is from an order of the United States District Court for the Southern District of New York dismissing, for lack of capacity of the plaintiffs to sue, an action brought by the executors of a Connecticut estate to recover estate taxes paid by them to the Collector of Internal Revenue for the District of Connecticut. Action directly against the United States is authorized by 28 U.S.C.A. § 1346, where, as here, the Collector who collected the tax is now out of office; but under 28 U.S.C.A. §

1402(a), such action "may be prosecuted only in the judicial district where the plaintiff resides." Plaintiffs are residents of New York;[1] but their letters testamentary were issued (in 1944) by the Probate Court for the District of Roxbury, Connecticut, the district of last residence of their testator. The tax payment, return of which is here sought, was made by them in 1947 under written protest to cover a deficiency assessment made against them by the Commissioner of Internal Revenue. The government moved for a dismissal on the ground that venue would lie only in the District Court for the District of Connecticut and the further ground that capacity to sue under Federal Rules of Civil Procedure, rule 17(b), 28 U.S.C.A., depended on New York law, which, in turn, did not permit foreign executors to sue in the courts of the state in a representative capacity. The court did not pass on the first point, but ruled with the government on the second and dismissed the complaint.

Since there is nothing to suggest departure from the usual rule that residence of the individual plaintiffs, rather than the situs of their estate, controls questions of federal jurisdiction, Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L. Ed. 233, 77 A.L.R. 904; Greenough v. Tax Assessors of City of Newport, 331 U.S. 486, 495, 67 S.Ct. 1400, 91 L.Ed. 1621, 172 A.L.R. 329, we think the plaintiffs have chosen the correct venue for their action. And we believe that dismissal of the suit for lack of ancillary letters was error. The district court relied on Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412, as establishing that a foreign executor may not sue in New York without ancillary letters. This fundamentally artificial rule of the common law has been severely criticized and seems destined to an appropriate interment in due course. Cheatham, *The Statutory Successor, the Receiver and the Executor in Conflict of Laws*, 44 Col.L.Rev. 549; Hopkins, *Conflict of Laws in Administration of Decedents' Intangibles*, 28 Iowa L.Rev. 422, 613, 634;

1. In their complaint they state that they all reside "within the State of New York"; but the district judge in his memorandum adds "within the Southern District of New York," and the government makes no claim to the contrary.

Uniform Powers of Foreign Representative Act, 1944. The trend in New York, too, has been to recognize exceptions to the rule when it appears that there is no justification for barring the suit by the foreign fiduciary. Wiener v. Specific Pharmaceuticals, 298 N.Y. 346, 83 N.E.2d 673; cf. Cooper v. American Airlines, 2 Cir., 149 F. 2d 355, 162 A.L.R. 318; Janes v. Sackman Bros. Co., 2 Cir., 1949, 177 F.2d 928.

■■ The specific exception which we believe permits of action here without ancillary appointment of the executors is the one allowing suit for claims based upon the individual, rather than the representative, capacity of the fiduciary. North v. Ringling, 187 Misc. 621, 625, 63 N.Y.S.2d 135, 139, citing and relying upon Johnson v. Wallis, 112 N.Y. 230, 19 N.E. 653, 2 L.R.A. 828, 8 Am.St.Rep. 742. Here the claim of the executors is technically in their own right, for it is to recover monies which they paid and to right an error which they, under governmental compulsion, committed. Wherever the transaction giving rise to a right of recovery occurs after the death of a testator, suit to enforce the right must be brought by the executors as individuals, rather than as representatives. Johnson v. Wallis, supra; Howell v. John Hancock Mut. Life Ins. Co., 286 N.Y. 179, 186, 36 N. E.2d 102, 105; Cramer v. Phoenix Mut. Life Ins. Co. of Hartford, Conn., 8 Cir., 91 F.2d 141, certiorari denied 302 U.S. 739, 58 S.Ct. 141, 82 L.Ed. 571; Restatement, Conflict of Laws, §§ 483, 508, and comments, 1934. Plaintiffs' designation of themselves as executors is description only and is of no significance. Howell v. John Hancock Mut. Life Ins. Co., supra; Biddle v. Wilkins, 1 Pet. 686, 693, 7 L.Ed. 315; 21 Am.Jur. § 949; Clark, Code Pleading 327, 2d Ed. 1947. Hence we think they are entitled to prosecute their present action.

In North v. Ringling, supra, Justice Pecora appears to suggest the possibility of even broader exceptions, "particularly where a failure of justice would follow if relief were withheld." Were there need to resort to an even more liberal rule, this would perhaps be a proper case under the New York law for its application, in view of the harsh consequences of the decision below, closing the door of the only court available to enforce a statutory remedy wherein "a high-minded Government renounced an advantage that was felt to be ignoble"—a remedy which should be viewed "in a kindred spirit" to the "fine sense of honor" which brought it into being. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 379, 53 S.Ct. 620, 77 L.Ed. 1265, per Mr. Justice Cardozo.

Reversed and remanded.